(No. 5545.   January 9, 1931.)

WALTER TAYLOR, Appellant, v. JOHN O'CONNELL, Respondent.

[295 Pac. 247.]

James R. Bothwell and W. Orr Chapman, for Appellant.

E. M. Wolfe, for Respondent.

GIVENS, J.—Respondent's predecessors in interest acquired the SW.¼ of the NW.¼ of section 3 in 1910 and the SE.¼ of the NE.¼ of section 4 in 1908, all in the same township. Appellant owns the two forties adjoining on the north

and his predecessors in interest in 1908 constructed a ditch from east to west across the northern portion of respondent's two forties. When constructed, the western portion of the ditch at least, was south of the east and west line fence between the two adjoining properties. Later it was determined that the fence was at the west end, some twelve feet south of the true line, and when the fence was replaced on the correct line, practically all of the ditch lay south .of the fence. In 1928 the respondent plowed up the ditch and this action was instituted by appellant to restrain respondent's interference with appellant's use of the ditch and to declare an easement for the ditch right of way on appellant's land based on prescription.

Respondent contended by his answer that appellant possessed only a revocable license. The court awarded judgment in favor of appellant as to that portion of the ditch lying in the SW.¼ of the NW.¼ of section 3, on the theory that when the ditch was constructed that forty was government land, but gave judgment in favor of respondent as to the portion of the ditch in the SE.¼ of the NE.¼ of section 4, on a finding that the ditch was constructed with the consent of the then owner and that appellant had only a parol license which was revocable.

The evidence is without conflict that the ditch was used by appellant uninterruptedly and continuously for more than the prescriptive period, which raises a presumption that such use was adverse and under claim of right (19 C. J. 959) ; and there is not sufficient evidence of parol license to overcome this presumption or justify the above finding of the court. (1 Jones' Commentaries on Evidence, 2d ed., sec. 41, note 11.)

Judgment is reversed and the cause remanded, with instructions to enter judgment for the appellant.

Costs to appellant.

Lee, C. J., Varian and McNaughton, JJ., and Brinck, D. J., concur.

Petition for rehearing denied.