## HILL, v. OHIO CASUALTY INS. CO.
### No. 7815.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1939.

Lee Douglas, of Nashville, Tenn. (Goodpasture & Carpenter, of Nashville, Tenn., on the brief), for appellant.

W. M. Fuqua, of Nashville, Tenn. (J. Ross Cheshire, Jr., of Nashville, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

The action was brought in the Chancery Court of Davidson County, Tennessee, and was removed to the United States District Court. The case was transferred to the law side and by stipulation was tried by the court without the intervention of a jury.

Appellant sought to recover upon an insurance policy which purported to indemnify him for damages inflicted upon a third party by his automobile. At the close of the evidence the court delivered an opinion in which it dealt generally with the facts and the law and dismissed the case. At the close of the opinion the court said: "Now, gentlemen, if you want to get the record and get up findings of fact, it will have to be done,"—to which appellant's counsel responted: "This memorandum Your Honor dictated might be used as a finding of fact."

The opinion was not a special finding of fact within the meaning of Title 28, Sec. 875, U.S.C., 28 U.S.C.A. § 875; Fleischmann Const. Co. v. United States, 270 U.S. 349, 355, 46 S.Ct. 284, 70 L.Ed. 624; Ocean Acc. & Guarantee Corp. v. Pearson, 6 Cir., 37 F.2d 896.

There were three exceptions to the admission of testimony but these matters are not raised and discussed in appellant's brief and we do not consider them. Kahn v. United States, 6 Cir., 20 F.2d 782. Beyond this, the bill of exceptions does not disclose any exceptions to "the rulings of the court in the progress of the trial." Title 28, Sec. 875 U.S.C., 28 U.S.C.A. § 875. Appellant made no motion for judgment nor requested any special findings of fact or conclusions of law.

The record, therefore, presents no reviewable question (Fleischmann Const. Co. v. United States, supra, 270 U.S. page 356, 46 S.Ct. 284, 70 L.Ed. 624; Lewellyn, Collector v. Electric Reduction Co., 275 U.S. 243, 248, 48 S.Ct. 63, 72 L.Ed. 262; Harvey Co. v. Malley, 288 U.S. 415, 53 S. Ct. 426, 77 L.Ed. 866; Eastman Kodak Co. v. Gray, 292 U.S. 332, 336, 54 S.Ct. 722, 78 L.Ed. 1291; Ocean Acc. & Guar. Corp. v. Pearson, supra) unless such has been preserved by the Rules of Civil Procedure effective generally September 16, 1938, 28 U.S.C.A. following section 723c. Rule 1 provides that the rules govern the procedure in the district courts. Rule 52, Findings by the Court, provides,—"(a) Effect. In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. Requests for findings are not necessary for purposes of review."

This rule does not relieve the court of the duty to make special findings of fact and state separate conclusions of law; in fact it emphasizes that duty. But it does undoubtedly relieve the litigant from making requests for such findings. The difficulty is that as applicable to this case the rule was not effective. The action was brought on January 23, 1937, or more than nineteen months before the effective date.

Rule 86 fixing the effective date provides that they shall govern all proceedings in actions brought thereafter. As to cases then pending, they govern proceedings, except in those instances in which in the opinion of the court their application would not be feasible, or would work injustice.

Appellant's case was not pending in the District Court on September 16, 1938. It had long since been terminated there, being dismissed on May 31, 1937. The appeal was allowed and the bill of exceptions was filed on July 23, 1937, and the transcript was filed in this court on September 21 following.

It follows that the judgment appealed from must be and is affirmed.