**CAFRITZ v. KOSLOW.**
No. 9541.

United States Court of Appeals
District of Columbia.

Argued January 20, 1948.

Decided April 19, 1948.

Mr. John H. Burnett, of Washington, D. C., with whom Mr. Chapin B. Bauman, of Washington, D. C., was on the brief, for appellant.

Mr. H. Clifford Allder, of Washington, D. C., with whom Mr. Charles E. Ford, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

750

CLARK, Associate Justice.

Appellant here was plaintiff below in an action instituted to recover money allegedly loaned to appellee, her brother. In her complaint appellant alleged that she had advanced approximately eleven thousand dollars, as a loan, to appellee during the period from 1924 to 1930, and that she had subsequently loaned appellee approximately one thousand dollars during the period from January 1, 1942, to October 30, 1942, in consideration of appellee's promise to repay the old indebtedness.[1] The complaint was filed February 5, 1945. In his answer appellee denied the indebtedness and also pleaded the statute of limitations (three years) as a bar to recovery.

The trial court, having heard the case without a jury, made the following findings of fact: "1. That the indebtedness, recovery of which is sought here, had long been barred by the statute of limitations. 2. That there was no new contract or agreement, supported by consideration, which would revive the old indebtedness and remove the bar of the statute of limitations." Judgment was entered in favor of appellee, defendant below, and from that judgment this appeal was taken.

■ On appeal it is contended first for appellant that the trial court erred in entering judgment for the defendant on the claim of approximately one thousand dollars, when the record disclosed that plaintiff loaned the defendant at least eight hundred and seventy-five dollars. In rebuttal appellee maintains that the lower court's finding that there was no new contract was, in effect, a finding that there was no new indebtedness. On the record before us appellee's argument is clearly untenable. Appellant introduced evidence showing that various sums were advanced by her to appellee or to others in his behalf pursuant to an oral agreement for repayment, between January 1, 1942, and October 30, 1942. At the conclusion of the trial the presiding judge made a statement to the parties in which he openly noted, albeit in an incidental manner, a payment of one-hundred and twenty-five dollars. Nevertheless, and despite the fact that particular payment was made in June of 1942, recovery was denied in toto. It may be true that neither party requested a specific finding as to the claim for one thousand dollars, but that is of no consequence since the District Court bears an obligation to find the facts specially in an action tried without a jury.[2] Therefore, the judgment must be reversed and the case remanded for more explicit findings of fact with regard to the indebtedness allegedly created in 1942.[3]

■ Appellant contends, secondly, that the lower court erred in entering judgment for the defendant on the claim for eleven thousand dollars. As to this claim the evidence showed that appellee came into this jurisdiction some time in 1941 to engage in litigation with his wife over property matters. Appellant attempted to prove that appellee sought financial aid from appellant to "see him through" this litigation and promised, in return, to pay the old indebtedness. The alleged agreement between the parties rested in parol. In this connection it must be noted that the District of Columbia has a statute (which is within the Statute of Frauds chapter of the local code) providing that "In actions of debt or upon the case grounded upon any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of the statute of limitations or to deprive any party of the benefit thereof unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party

[1] At the trial appellant could produce evidence of only $7,323.54 on the claim for $11,000, and of $875 on the claim for $1,000.

[2] Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A. following section 723c: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

[3] See Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 7 Cir., 1947, 164 F.2d 332; United Shoe Machinery Corp. v. Kamborian, 1 Cir., 1947, 160 F. 2d 461.

chargeable thereby." 31 Stat. 1390 (1901), D.C.Code (1940) § 12—305. It is apparent, however, that the lower court adopted the correct theory in viewing this case—that this statute has reference only to a unilateral act or statement and does not render ineffective a new promise supported by contemporaneous consideration.[4] With respect to the claim for eleven thousand dollars, as originally stated, the trial court's finding of fact simply expressed "That there was no new contract or agreement, supported by consideration, which would revive the old indebtedness and remove the bar of the statute of limitations."

As we view the posture of this case, appellant was seeking recovery on the basis of a new relationship founded upon an oral contract whereby the old indebtedness was incorporated as an element of consideration. Therefore it is immaterial to question whether the old indebtedness was revived, for if it ever existed and remained unsatisfied it was yet subsisting at the time the parties made their new contract. The statute of limitations operates to extinguish the remedy, by withdrawing from the creditor the privilege of using the courts to enforce the contract, but it does not extinguish his right. Campbell v. Haverhill, 1895, 155 U.S. 610, 15 S.Ct. 217, 39 L. Ed. 280. It is the new relationship, and not the old debt, that now serves to measure the creditor's right.

In attempting to sustain the burden of proving the existence of the new oral contract, appellant sought to introduce the testimony of an attorney who represented appellee in the prior litigation between appellee and his wife. As it was explained to the presiding judge by appellant's counsel, this testimony was offered to prove "that Mr. Max Koslow [appellee] said to Mrs. Ida Cafritz [appellant] that he would repay her all of the money that she had theretofore advanced to him if she would pay his expenses or see him through that litigation, Civil Action 13808," since the attorney was a witness to that conversation in his office. The trial court refused this proffered testimony on the ground of privilege, ruling that "the test is whether the witness got the information concerning which he is asked to testify by reason of his confidential relation." We think the test was too broadly stated. Since early times the courts have sedulously fostered the idea that apprehension of compelled disclosure by legal advisers must be removed to promote freedom of consultation of legal advisers by clients. The courts have not, however, lost sight of the fact that the principle of privilege is an exception to the general liability of every person to give testimony upon all facts inquired of in a court of justice. Therefore, the mere relation of attorney and client does not, ipso facto, establish the principle. If the circumstances do not imply confidentiality to a communication between the client and his attorney privilege does not attach, and the presence of a third person (other than the agent of either client or attorney) generally rebuts the presumption of confidentiality. "It follows, of course, 'a fortiori,' that communications *to the third person* in the presence of the attorney are not within the privilege." 5 Wigmore, Evidence (2d Ed. 1923) § 2311.

Appellant appeared in the attorney's office with her brother possibly as one having a community of interest in the litigation then pending, but there was no identity of interest between appellant and appellee at that time so far as the record here shows, nor can it be said that appellant stood in the relation of agent to appellee. Consequently we deem the proffered testimony of the attorney unobjectionable on the ground of privilege. If the testimony of the attorney had been accepted it might have been sufficient, combined with other evidence adduced by appellant, to sustain the burden of proof with respect to the new oral contract. We consider this to be reasonable conjecture, especially in view of the fact that the one payment by appellant (assertedly pursuant to the new contract) which was noted by the trial judge, was that which was made to this attorney in

---

[4] See Strong v. Sunset Copper Co., 1941, 9 Wash.2d 214, 114 P.2d 526, 135 A.L.R. 423; 1 Williston, Contracts (Williston & Thompson, Rev.Ed.1936) § 164; Note, 135 A.L.R. 433 (1941).

behalf of appellee as a retainer, for which appellant had a receipt to offer in proof.

The judgment of the District Court will be reversed, and the case remanded for further proceedings not inconsistent with this opinion. The findings of fact should be made more explicit with regard to the existence of the new oral contract allegedly created, and continuing within the period of limitation prior to the filing of this suit, as well as to the indebtedness which may have been incurred by appellee pursuant to that contract.

Reversed and remanded.