461 P.2d 120

J. Dan WILLOWS, Irving Kalinoski, Glenda Johnson, R. C. Bridger, Donald Benscoter, William D. Steigers and Howard G. Jeppson, Plaintiffs-Appellants, Cross-Respondents,

v.

CITY OF LEWISTON, Idaho, Defendant-Respondent, Cross-Appellant.

No. 10469.

Supreme Court of Idaho.

Nov. 13, 1969.

Joseph C. Adams, Jr., Lewiston, for appellants.

John W. Cramer, Lewiston, for respondent.

SPEAR, Justice.

This is an action by a group of qualified electors and taxpayers residing in Nez Perce County, in which they sought judgment forever enjoining and restraining the City of Lewiston from performing any further acts and proceedings to annex an area adjacent to the City, which area includes what is commonly referred to as the "Lewiston Orchards," under the provisions of the Charter at that time in effect, the City having existed under such special charter continuously since January 15, 1863.

The facts are not disputed and in fact the action was submitted to the trial court upon "admitted facts," the pertinent ones of which are as follows: that the plaintiffs-appellants and cross-respondents (hereinafter referred to as appellants) are all citizens, residents, qualified electors and taxpayers of Nez Perce County, Idaho, and are owners of land within the boundaries of the area which the defendant-respondent, and cross-appellant (hereinafter referred to as the respondent) was attempting to annex; that the respondent is a municipal corporation of the State of Idaho, originally existing under the special charter granted by an act of the legislature of the Washington Territory, approved in 1863 and continued in effect by the provisions of Article I, § 2 of the Constitution of the State of Idaho; that on July 15, 1968 the city council of respondent prepared and filed an ordinance describing the boundaries of the district proposed to be annexed and caused notice thereof to be regularly published as provided in the Charter; that respondent proceeded as it did under the authority of, and pursuant to, Section 224 of the Charter which provides as follows:

"ANNEXATION

"The mayor and common council may provide for annexing to and bringing within the city, lands contiguous thereto. In such case the council shall have prepared and filed with the clerk an ordinance describing the outer boundaries of the district proposed to be annexed and shall cause the clerk to publish for five days in some daily newspaper in said city a notice giving the outer boundaries of such district and declaring the intention to annex the same to the city. If more than one half in number of the owners of land within such district do not file with the clerk within thirty days after the last publication of such notice, objections in writing to such proposed annexation, the council shall proceed to pass the ordinance therefor. Such ordinance shall not take effect until thirty days after publication, and shall be subject to referendum in like manner as ordinances granting franchises or special privileges. After the said ordinance shall have become effective, and the boundaries of the said city shall be accordingly extended to include the said lands, which shall be annexed to, and thereafter be, and constitute a part of the city of Lewiston, and be included in such city."

that respondent made and published the following rules "for people who live in the Orchards" to follow to file their objections to annexation, to-wit:

"Notice to Lewiston and Orchards Residents

"The following rules of procedure have been adopted by the City of Lewiston for annexation of that portion of the Lewiston Orchards that was defined by the Notice of Intent to Annex, published in the Lewiston Morning Tribune for the five day period, ending July 21, 1968.

"1. The City has appointed two Deputy City Clerks, one of which will be located at the Nez Perce County Free Library, and the other Deputy in the lobby of the Administration Building of the Lew-

iston-Nez Perce County Regional Airport.

"Protests will be accepted by these Deputy City Clerks, Monday through Saturday, from 11:00 A. M. to 8:00 P.M. Protests will also be accepted at the City Clerk's office during regular business hours, between 8:00 A.M. and 5:00 P.M.

"2. Only those people who are owners of real property may protest annexation by the City of Lewiston.

"3. A person objecting to annexation shall file his or her objection in writing with one of these Deputies, or with the City Clerk. The City recommends that people who do not file their objections in person, sign them before a Notary Public prior to having a third person file such with the Clerk or Deputies. Any person mailing in an objection should also be given this recommendation, to sign before a Notary Public.

"4. The City cannot require that objections be notarized as a condition precedent to being filed by the City Clerk.

"5. Objections may be mailed to the City Clerk by any person desiring to do so.

"6. The Deputies shall be instructed that when any person files a protest with them that is not his or her own objection, or the objection of his or her wife or husband, they are to inform such third person that the owner signing the objection will be required to verify that he or she did in fact sign such objection. Any objections received by mail, the Clerk will address a letter to, or otherwise make contact with, the person purportedly signing and mailing the same to ascertain that he or she did in fact do so.

"7. A husband may file a written objection signed by his wife, and a wife may file a written objection signed by her husband without verification of the signature of the person not actually filing the objection.

"8. If any objections in writing are received by the City Clerk through the mails or are delivered to him or to any of the Deputies, by a person other than the owner filing his own objection, or a husband or wife, as set forth in seven (7) above, the Clerk or Deputy shall stamp on the face of such objection the words, 'received but not filed, pending the signing owner, that he or she did in fact sign the same.'

"9. A person protesting does not have to fill out an elaborate form, but need only to state that he or she protests annexation, and have it properly signed."

and that respondent also announced its intention to include as "property-owners" those people owning burial spaces in the Lewis-Clark Memorial Gardens, and all tax-exempt property-owners.

In the trial court the appellants raised the following issues:

(1) That the area sought to be annexed is not contiguous to the City of Lewiston in that only one small area of the city touches on and is adjacent to the area sought to be annexed;

(2) That a large area of farm land which has not been subdivided into tracts of five acres or less lies between the city and the area sought to be annexed;

(3) That Section 224 of said City Charter violates Article VI, Section 1 of the Idaho Constitution in that the protest provided for in said annexation section is actually and in reality an election process and said constitutional provision requires that all elections be by secret ballot;

(4) That further, Section 224 of the City Charter requiring protests by owners of land violates Article I, Section 20 of the Constitution of the State of Idaho which provides that no property qualifications shall ever be required for any person to vote except in school elections, irrigation district elections and elections creating indebtedness;

(5) That the regulations adopted by the City Council regulating the manner of receiving and the form of protest votes of residents in the area to be annexed are arbitrary, restrictive, burdensome and cumbersome and constitute an unreasonable restraint on such residents in exercising their right of protest;

(6) That the City has not complied with Idaho Code 50–1206 requiring that prior to any ordinance or resolution initiating annexation proceedings the City Council shall refer the zoning of the affected territory to the Zoning Commission for a public hearing and report and recommendations;

The respondent denied the contentions of appellants and alleged:

(1) That the area proposed to be annexed adjoins the south boundary of the City of Lewiston for a distance in excess of two miles without any intervening land;

(2) That it is immaterial whether the land included in the proposed area to be annexed is farm land or has not been subdivided;

(3) That the protests provided for by Section 224 of the Charter are not violative of the Idaho Constitution in that this process is not an election and does not involve the selection of any person to hold office;

(4) That the regulations attached by the plaintiffs were adopted for convenience only and in no way prohibit anyone from personally filing protests with the City Clerk;

(5) That the I.C. 50–1206 relates to local matters and has no application to Lewiston which operates under a special charter.

Additionally respondent requested a declaratory judgment determining the nature of the property and ownership of burial spaces in the Lewis-Clark Memorial Gardens.

The trial court voided all of the special rules and regulations promulgated by the council with the exception of those providing for protests being accepted at the clerk's office during regular hours, the mailing of protests to the city clerk, the requirement that protestants be owners of real property, and prohibiting the city from requiring the objections to be notarized. No appeal was taken by either the appellants or the respondent from this portion of the decree. On each of the other issues raised by appellants, as hereinbefore set forth, the trial court held in favor of the respondent. Appellants perfected this appeal only from that portion of the decree in which Section 224 is held not in violation of the provisions of Article VI, Section 1 and Article I, Section 20 of the Idaho Constitution.

The trial court also held that the grantees of the grave lots in the Lewis-Clark Memorial Gardens are not "owners of land" within the meaning of Section 224 of the City Charter, and in so doing the court held specifically:

"That said deeds do not vest a purchaser with a legal or fee title, but at most an easement or license."

From this portion of the decree the respondent has perfected a cross-appeal.

■ For some reason undisclosed in the record the trial court ruled on additional issues, including (1) whether or not the Charter provisions violated the equal protection clause of the 14th amendment of the Constitution of the United States, (2) whether both a husband and wife, being owners of community real property, could be protestants, and (3) whether the vendee or the vendor of real property sold under

contract with a deed in escrow had the right to object to annexation. Appellants have assigned as errors the court's decision on each of these additional issues, but since such issues were not properly presented to the trial court, they will not be considered on appeal.

Thus there are only two questions presented on this appeal: (1) Does Section 224 of the Lewiston Charter, by providing a means for objection to annexation, constitute an election provision? and (2) Is the grantee of a grave lot in the Lewis-Clark Memorial Gardens cemetery properly an "owner of land" within the meaning of that term as used in Section 224?

Appellants contend that Section 224, by requiring the landowners in the area to be annexed to file objections in order to prevent annexation, constitutes an election by the people on the question of annexation. They argue that as an election procedure, Section 224 violates Article I, Section 20 of the Idaho Constitution, which provides that no property qualification may be required of a voter in an election, and Article VI, Section 1 of the Idaho Constitution, which guarantees a secret ballot in all elections.

 Section 224 does not provide for the holding of an "election," within the meaning of that word as used in the Idaho Constitution, on the question of annexation. It has long been the law in Idaho that the legislature has the absolute power to enlarge and contract the boundaries of municipalities within the state. Lyon v. City of Payette, 38 Idaho 705, 224 P. 793 (1924). See Udall v. Severn, 52 Ariz. 65, 79 P.2d 347 (1938). It is also well established that the State, through the legislature, has the power to grant to a municipality the right to annex thereto adjacent property without the consent of the habitants of the property, and even against their wishes. Kelly v. City of Pittsburgh, 104 U.S. 78, 26 L.Ed. 658 (1881); Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S. Ct. 40, 52 L.Ed. 151 (1907). By special action in 1907, the Idaho Legislature re-

enacted and amended the Lewiston Charter, adding Section 224 which gave the City of Lewiston the power to change its boundaries through annexation. H.B. 121, S.L.1907, p. 349, at p. 443. In Section 224 the legislature did not provide for, nor mention, the holding of an election on the question of annexation, but merely provided a means by which the owners of land in the area to be annexed could register their objection to such annexation. To hold that the protest mentioned in Section 224 constituted an election provision would be to ignore the plain and ordinary meaning of the words, and give such language a strained interpretation clearly not warranted by the context in which it was set. It is the primary canon of statutory construction that where the language of a statute is unambiguous, the clear expressed intent must be given effect and there is no occasion for construction. Roe v. Hopper, 90 Idaho 22, 408 P.2d 161 (1965); Tway v. Williams, 81 Idaho 1, 336 P.2d 115 (1959); State v. Riley, 83 Idaho 346, 362 P.2d 1075 (1961). If the legislature had intended to require an election on the question of annexation, it would have undoubtedly so provided in Chapter III of the Charter, entitled "Elections and Registration." Since neither the Constitution nor the statutes of Idaho nor the Lewiston Charter requires an election to change the boundaries of a municipality, no election is necessary and the constitutional provisions concerning elections raised by appellants have no application to annexation proceedings brought by the respondent City of Lewiston under Section 224.

Respondent, in its single assignment of error as cross-appellant, contends that the trial court erred in holding that the owners of grave lots in the Lewis-Clark Memorial Gardens, situate in the Lewiston Orchards, are not "owners of land" under Section 224 for the purpose of filing an objection to the proposed annexation. Whatever rights of ownership the "owners" of the grave lots in question acquire are set forth in the deeds which they receive from the Lewis-Clark Memorial

Gardens, Inc. The "Cemetery Deed" in evidence provides in part that:

"LEWIS-CLARK MEMORIAL GARDENS, INC., an Idaho corporation, Grantor, in consideration of the purchase price to it in hand paid, the receipt of which is hereby acknowledged, does hereby grant and convey unto (the named grantees) Grantee, *the perpetual use and right, for the sole purpose* of human sepulture of and in the real property * * *." (Emphasis added.)

That after a description of the lots involved the cemetery deed continues to provide:

"TO HAVE AND TO HOLD the same unto the Grantee, and the Grantee's heirs, forever.

"This conveyance, and all right, title and interest hereby conveyed in the property above described, is subject to all laws, ordinances, public regulations and *rules and regulations of the Grantor, and to conditions, reservations and restrictions, as follows:* (emphasis added).

* * * * * *

"2. No transfer, conveyance or assignment of any right or interest of the Grantee in said property or in any portion thereof shall be valid or binding upon the Grantor until recorded on its books.

* * * * * *

"(6) The enumeration herein of certain conditions, reservations, restrictions and rules and regulations shall not be considered as the only limitations, but the Grantee shall always hold all his interest and rights limited by and subject to the rules and regulations and by-laws of Grantor *now existing or which may be by it hereafter adopted either by amendment, alteration or the adoption of new ones.* (Emphasis added)

"All the above conditions, reservations, restrictions and rules and regulations are binding upon Grantee and Grantee's heirs, devisees, executors, administrators and assigns, and are enforceable only by Grantor or its successors in interest."

The warranty portion of the deed consists of:

"The Grantor hereby covenants * * that it will warrant and defend *the above granted use and right* to the Grantee and Grantee's heirs and assigns forever." (Emphasis added.)

Thus the purchaser of one of these grave lots acquires only an extremely limited use of the land or real property involved subject to various limitations, rules and regulations presently existing and to be promulgated by Lewis-Clark Memorial Gardens, Inc. in the future. It is obvious that the grantees named in such cemetery deeds do not acquire a fee simple title to the land or lots involved.

We are persuaded that the interest of the cemetery deed grantee or, if you will, the owners of the grave lots in the Lewis-Clark Memorial Gardens, consists merely of a privilege, a license or an easement for the limited use and purpose set out in the deed. This view is supported by the following authorities from other jurisdictions: Pilloud v. Linn-Benton Memorial Park Ass'n, 228 Or. 324, 365 P.2d 116 (1961); Schaefer v. West Lawn Memorial Cemetery, 222 Or. 241, 352 P.2d 744 (1960); Hollywood Cemetery Ass'n v. Powell, 210 Cal. 121, 291 P. 397, 71 A.L.R. 310 (1930); Pomona Cemetery Ass'n v. Bd. of Supervisors, 49 Cal.App. 2d 626, 122 P.2d 327 (1942); Anderson v. Acheson, 132 Iowa 744, 110 N.W. 335, 9 L.R.A.,N.S., 217 (1907); 14 C.J.S. Cemeteries § 25, p. 84; 14 Am.Jur. § 25, pp. 732–33.

We conclude that such a privilege, license or easement acquired by the owners of the grave lots in question is an insufficient interest in the land or real property to constitute the holder thereof an "owner of land" within the meaning of that term as used by the legislature in enacting Section 224. Therefore such "owners" would not be entitled to ob-

ject to the proposed annexation nor should the number of such "owners" be included in determining the "number of the owners of land within such district" in computing the "more than one-half" thereof required under the provisions of Section 224 to make such objections effective.

Judgment affirmed. No costs allowed pursuant to stipulation of parties.

McFADDEN, C. J., and McQUADE and DONALDSON, JJ., concur.

SHEPARD, J., concurs in the result.