493 P.2d 392

**DEER CREEK, INC., Plaintiff-Appellant,**

v.

**Gary J. HIBBARD, Jr., et al., Defendants-Respondents.**

**No. 10679.**

Supreme Court of Idaho.

Jan. 24, 1972.

**534**

Lloyd J. Walker, of Hepworth, Walker, Nungester and Fenton, Twin Falls, for plaintiff-appellant.

Cecil D. Hobdey, of James, Hobdey & Shaw, Gooding, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from a judgment of the trial court wherein the defendants were found to be entitled to a prescriptive easement across the property of plaintiff. Plaintiff had initiated an action to enjoin the defendants from trespassing on plaintiff's property and to recover damages. In defendants' answer to this complaint, the affirmative defense of a right of way by prescriptive easement is raised.

The properties in question lie approximately three miles north of Hailey, Idaho. The portion of defendants' property in question here lies along the west bank of the Big Wood River, and cannot be reached, except in low water times, other than by crossing the property of the plaintiff. Plaintiff's property is reached by travelling north on Highway 93 from Hailey to Deer Creek Road, then travelling west on Deer Creek Road, crossing the Big Wood River, to a point about one mile from the Highway where there is a gate in a fence surrounding plaintiff's property. From that point, in order to reach defendants' property, it is necessary to follow a well defined dirt road which continues through the edge of Plaintiff's cultivated lands and leads to a gate in a fence at the defendants' property line. Plaintiff and defendants took possession of their respective properties during the period 1960–1961. Plaintiff commenced its action in 1968.

Defendants do not make claim in fee to the road across plaintiff's land but rather claim an easement over, upon, and across the property admittedly owned in fee by the plaintiff. The trial court thus correctly rendered its judgment on the basis of prescriptive easement rather than adverse possession. As stated in Sinnett v. Werelus, 83 Idaho 514, 365 P.2d 952 (1961):

> "While the expressions 'title by prescription' and 'title by adverse possession' are frequently used interchangeably, it should be noted that 'prescription' applies only to incorporeal rights. 'Prescription', strictly speaking, is regulated by the common law which has adopted the prescriptive period from an analogy to the statute of limitations, while 'adverse possession' is regulated by statutory provision." Sinnett v. Werelus, 83 Idaho 514, 520, 365 P.2d 952, 954 (1961).

Therefore the period of time necessary to establish the prescriptive right is measured by the provisions of I.C. § 5–203 rather than the provisions of I.C. §§ 5–209 and 210 which set forth prerequisites to a claim of adverse possession. Sinnett v. Werelus, *supra*; Trunnell v. Ward, 86 Idaho 555, 389 P.2d 221 (1964).

As also set forth in *Sinnett*, and Eagle Rock Corp. v. Idamont Hotel Co., 59 Idaho 413, 85 P.2d 242 (1938):

> "A presumption that the use was under a claim of right, and adverse, arises from an undisputed use of an easement for the established period of prescription, and the burden is upon the party alleging that the use has been by virtue of a license or permission to prove that fact by affirmative evidence. An uninterrupted use for the requisite period unexplained is sufficient to establish a right by prescription and to authorize a presumption of a grant. After such period of enjoyment the owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsist-

ent with a claim of right by the other party."

We apply the *Sinnett* rule to the instant case. We find ample testimony demonstrating that the road had been in existence for a number of years prior to the present action. The trial court held that the usage of the road by the defendants and their predecessors in interest had begun as early as 1881, and in any event more than five years prior to the commencement of the action herein, that the usage was not initiated in permission but as a claim of right and that the said usage of the road was open, hostile, continuous, adverse and notorious.

The evidence touching the aforesaid holdings of the trial court is largely conflicting.

"It has long been the settled rule of this Court that where the findings of the trial court are supported by substantial and competent, though conflicting, evidence, such findings will not be disturbed on appeal." Thompson v. Fairchild, 93 Idaho 584, 587, 468 P.2d 316, 319 (1970); I.R.C.P. 52(a).

Plaintiff herein cites and relies upon testimony which would tend to invalidate the findings of the trial court; however, as above stated this court will not substitute its judgment for that of the trial court but will only determine if the discretion of the trial court was abused, in that its findings are not supported by substantial and competent evidence. As stated, the evidence was at times sharply in conflict but sufficient, competent, and substantial evidence appears in the record to uphold the findings and judgment of the trial court.

The only real controversy in this case was the determination of a sufficiently continued and uninterrupted use of the road by the defendants and the question of whether that use by the defendants began in permission. On both of these factual isues sharply conflicting testimony was presented by both plaintiff and defendants and the trial court was required to, and did, perform its proper function in evaluating the credibility of and the weight to be given the testimony of the witnesses. We find no abuse of that discretion.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN and DONALDSON, JJ., and MAYNARD, D. J., concur.