**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Lee SIMPSON, Defendant-Appellant.**

No. 73-1447

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1973.

Joseph N. Marcal, III, New Orleans, La., court appointed, for defendant-appellant.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In a jury trial in the Eastern District of Louisiana, appellant was convicted of violating 18 U.S.C. § 1201, the federal kidnaping statute, and was sentenced to life imprisonment. On appeal, he makes three specifications of error, all of which we find to be without merit.

■ First, appellant claims that the district court erred in not granting his motion to suppress a confession made to police officers shortly after his arrest. The grounds for the motion were that the arrest itself was illegal and the confession was coerced. The record shows that on October 15, 1972, a woman appeared at the Slidell, Louisiana, sheriff's office, and told the sheriff's deputies that she had been kidnapped, assaulted and raped. She described appellant and a trailer park where he might be found. Acting upon this information, a deputy contacted two mobile units and instructed them to go to the trailer park and arrest appellant. The victim told her story to the officer at the station, and the officer had probable cause to arrest appellant. The fact that other officers carried out his instructions does not violate appellant's Fourth Amendment rights. Whitely v. Warden of Wyoming State Penitentiary (1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; United States v. Impson, 5th Cir. 1973, 482 F.2d 197.

■ Appellant also alleges that the interrogating officers told him that he and his common-law wife (who had also been arrested for participating in the kidnapping) would lose their baby if he did not confess. The arresting officers, on the other hand, testified that they merely explained to appellant that because his wife was in custody, she could not keep the baby, and it was being taken care of by someone else. The district court found the officers' testimony to be more credible than appellant's, and this finding is not clearly erroneous.

■ Appellant also alleges that the district court erred in failing to declare a mistrial because an alternate juror scowled at the defendant or made some "rather menacing gestures" towards him in the courtroom. The district court, however, found that there was no possibility that this incident affected the jury's verdict. We see no reason to disturb this finding. Even assuming the incident occurred, it would not be grounds for reversal. United States v. Blackburn (5 Cir. 1971), 446 F.2d 1089.

In his "Statement of Facts" appellant alleges that the district court committed error with respect to character testimony introduced by the prosecution. However, this error is not listed in appellant's specification of errors, nor is it argued in his brief. The government discusses this matter in its brief, however, and we are convinced that no error occurred.

Because we can find no error committed by the district court in this case, its judgment is hereby

Affirmed.