570 P.2d 1359

**Alfred J. STECKLEIN and Lillian Stecklein, husband and wife, Plaintiffs-Respondents,**

v.

**Fred MONTGOMERY, Defendant-Appellant.**

**No. 12076.**

Supreme Court of Idaho.

Oct. 26, 1977.

Rehearing Denied Dec. 1, 1977.

R. M. Whittier, Pocatello, for defendant-appellant.

H. N. Jewell, Twin Falls, for plaintiffs-respondents.

McFADDEN, Chief Justice.

This is an appeal by Fred Montgomery, defendant-appellant, from a judgment in favor of plaintiffs-respondents, Alfred J. and Lillian Stecklein, husband and wife, in an action involving an alleged roadway across property owned by respondents, and for damages for injuries resulting from an alleged assault and battery. The court affirms the award of damages for the personal injuries, and reverses the balance of the judgment and remands for new trial.

The Steckleins filed this action against Montgomery seeking to enjoin him from trespassing on Stecklein property, for damages for various instances of alleged trespass and for assault and battery resulting from an altercation during one of the alleged trespasses. Montgomery counterclaimed, alleging that a public road traversed Stecklein's property and that Steckleins had caused him damage by preventing his use of the public road. Montgomery also sought damages for assault and battery. Following trial, judgment was entered in favor of Steckleins on all counts except general and punitive damages for trespass. Montgomery was denied relief on his counterclaims.

At the outset the court has examined the record concerning the assignment of error directed to the trial court's findings of an assault and battery upon Mr. Stecklein, and the award of special damages in the amount of $111.95 for the assault and battery. The record discloses a conflict in the evidence concerning this item. There is substantial and competent, although conflicting, evidence to sustain this finding and award, and under the oft repeated rule this court will not disturb such finding. I.R. C.P. 52(a). *Ramseyer v. Ramseyer*, 98 Idaho 47, 558 P.2d 76 (1976). That portion of the judgment is affirmed.

On appeal Montgomery contends the trial court erred in numerous of its findings of

fact regarding the roadway and in the conclusions of law based thereon.

Briefly the facts in this record disclose that the Steckleins and the Montgomerys own adjoining land. The Montgomery lands lay in the bottom of Rock Creek Canyon, near Twin Falls, and the Stecklein property, which is higher ground, adjoins the Montgomery property to the north. A roadway runs southerly from a public road to the Stecklein property, and to a fence on the Stecklein property. It then continues across a portion of the Stecklein property to the Montgomery property. It is this roadway which is the basis of this controversy.

Montgomery owned his property and also all of the Stecklein property from 1947 until 1951, when he sold a portion of his total holdings to a Mr. Starr. By mesne conveyances, the Steckleins became owners of their property on December 31, 1970, and have owned it to date.

Montgomery used the roadway since he acquired ownership of the land. After he conveyed to Mr. Starr in 1951, he continued to use the roadway, even though his conveyance to Starr contained no reservation of any easement across the land sold. None of the mesne conveyances subsequent to Starr, including the Steckleins, contain any reservation of any easement for this roadway. There was some evidence in the record from which it could be concluded that the roadway was well marked and obvious to anyone examining the premises, although no finding or conclusion in this regard was made. There was also evidence that this roadway is the only practical access to Montgomery's property. See 2 Thompson Real Property § 352, p. 324 (1961).

On appeal Montgomery argues he has established a prescriptive use to this roadway over the Stecklein property. This argument is countered by the Steckleins' contention that such issue was never raised by the pleadings nor presented to the trial court for resolution, and thus cannot be raised for the first time upon appeal. The trial court concluded that the Steckleins owned the land in question, and that "there is no public road, highway, or access over or upon the plaintiffs' land described above and no person has any right to any use of said property without consent of plaintiffs."

■ The preliminary question is whether the prescriptive easement issue was presented to the trial court. At the close of the presentation of appellant's evidence, but prior to resting, his attorney moved to amend his counterclaim so as to read, "[t]hat your counterclaimant has exercised his rights to use the roadway." Steckleins' counsel objected "to the amendment of the pleadings at this time to comply with the proof" on the ground that "their proof had tended to show that they are now claiming what appears to be a prescriptive or an easement by prescription; and this is a complete deviation from the pleadings." The court however, granted the motion to amend, and thus it is the conclusion of this Court that such issue was presented at trial for resolution and was never resolved. There were no findings of fact or conclusions of law entered dealing with that issue.

The trial court concluded that defendants had no easement or use of the claimed right of way over the Stecklein property and had no right to any use without the consent of the Steckleins. Such a conclusion cannot logically be made without first resolving the issue of whether Montgomery had a prescriptive right for the use of this easement or roadway.

■ This court has in the past and most recently in *West v. Smith*, 95 Idaho 550, 511 P.2d 1326 (1973), set forth the elements of proof necessary to establish a prescriptive easement. Those elements include a use which is open, notorious and adverse to the owner of the servient tenement and continuous in time for a period of five years. The trial court made no specific finding of fact regarding the existence or nonexistence of these specific elements. Based upon the following analysis of the elements of prescriptive easement, this court concludes that the record discloses facts from which it could be found that a prescriptive easement exists.

There is evidence of continuous use for the five-year period required by statute. I.C. § 5–203. Montgomery testified as follows:

"Q. Have you used the road since 1947?

A. I have used that every year since that time."

This testimony is uncontroverted. Further, witness Welch testified that he was employed by Montgomery to perform bulldozer work to improve the road in 1964 and 1967. Parrott testified that he was employed to make similar improvements in 1971. Professor Powell has noted that "[t]he making of repairs to facilitate further enjoyment of the use indicates an intent to continue the use and affords good ground for an inference of the required 'continuousness.' " 3 Powell on Real Property, ¶ 413, p. 489 (1977). See also: 2 Thompson on Real Property, § 347, p. 275 (1961). The testimony that Montgomery regularly employed persons to repair and maintain the road from 1964 to 1971 is such evidence. This taken together with Montgomery's testimony is strong and uncontroverted evidence of continuous use lasting for more than the required five year period.

■ Once continuous use has been established, a presumption of adverseness arises:

" 'A presumption that the use was under a claim of right, and adverse, arises from an undisputed use of an easement for the established period of prescription, and the burden is upon the party alleging that the use has been by virtue of a license or permission to prove that fact by affirmative evidence. An uninterrupted use for the requisite period unexplained is sufficient to establish a right by prescription and to authorize a presumption of a grant. After such period of enjoyment the owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party.' (Thompson on Real Property, vol. 1, sec. 394, page 509.)" *Eagle Rock Corp. v. Idamont Hotel Co.*, 59 Idaho 413, 431, 85 P.2d 242, 249 (1938).

See also, *Taylor v. O'Connell*, 50 Idaho 259, 295 P. 247 (1931); *Checketts v. Thompson*, 65 Idaho 715, 152 P.2d 585 (1944); *Hogan v. Blakney*, 73 Idaho 274, 251 P.2d 209 (1952); *Beneficial Life Ins. Co. v. Wakamatsu*, 75 Idaho 232, 270 P.2d 830 (1954); *Sinnett v. Werelus*, 83 Idaho 514, 365 P.2d 952 (1961); *Deer Creek Inc. v. Hibbard*, 94 Idaho 533, 493 P.2d 392 (1972); *West v. Smith*, 95 Idaho 550, 511 P.2d 1326 (1973). Although a previous owner did testify that he had given Montgomery permission to use the road, that permission was given in the early 1950's. The property was then sold in 1961. Through the 1960's, during the time when Montgomery was maintaining the road, there is no evidence whatsoever of permission. Absent other evidence of permission, the presumption operates to establish adverseness.

The pleadings here are less than a model of clarity, and the question of prescriptive easement is admittedly not spelled out with any definiteness in the pleadings. However, in view of the amendment of the appellant's counterclaim approved by the court, the issue of prescriptive right was submitted to the trial court.

■ Also, there was evidence indicating a way by necessity which came into this record without objection and which would invoke the provisions of I.R.C.P. 15(b): "When issues not raised by the pleading[s] are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Since there were no specific findings of fact on these issues, it is the conclusion of the court that the portion of the judgment pertaining to the quieting title to the roadway and damages for trespass must be reversed and the cause remanded for a new trial on these issues.

Affirmed in part and reversed in part and remanded for new trial. No costs allowed.

BAKES, J., concurs.

BISTLINE, Justice, specially concurring.

I would join in the majority opinion and add the following comments.

## I.

The dissent does set forth the only finding, or as appears more likely, the only conclusion which was entered on the issue of the existence of an easement. The quoted language is merely the ultimate conclusion that Montgomery had no right-of-way, easement or use of or against Stecklein's land. But there are no specific findings of the facts upon this issue. Because appellate review is properly directed to ascertaining whether the findings support the conclusions, and whether the evidence supports the findings, I agree with the Chief Justice that the judgment must be reversed and remanded. This Court is not a fact-finding court with regard to its appellate jurisdiction and will not peruse the record to see what findings should have been entered on the admitted evidence. It has been well-stated that findings should be made "while the evidence is still fresh in the mind of the trial judge,"[1] and here we look at only a cold record, and have neither seen nor heard the many witnesses.

As I see it, the division of the Court is occasioned by non-compliance with Rule 52(a), I.R.C.P. Had this rule been complied with, it is highly likely that the Court would not be split as it is. Indeed, the need for any appeal might have been obviated. The Findings of Fact and Conclusions in this matter were drawn by prevailing counsel, presumably at the direction of the trial court,[2] a common practice which has been generally indulged in for many years, even after the adoption of Idaho's version of the Federal Rules in 1958. In *Compton v. Gilmore*, 98 Idaho 190, 560 P.2d 861 (1977), this Court, taking up where it left off in *In re Estate of Stibor*, 96 Idaho 162, 525 P.2d 357 (1974), aligned itself with the federal courts and the many state courts which demand compliance with the rule requiring a trial judge to make his own findings and conclusions. *Compton* sets forth the reasoning behind the rule; nothing is to be gained by repeating here what was laid out there. *Compton*, of course, was handed down after prevailing counsel prepared the findings in the case at bar, and so the trial court and counsel had only the benefit of the more limited remarks made in *Stibor*.

In agreeing with the Chief Justice that the judgment should be reversed, I would *prefer* to remand the case to district court and direct that the trial judge exercise his own discretion as to whether, in view of the lapse of time, it is fair to the parties to enter findings and conclusions of his own making,[3] based upon the record and his recollection of the events at trial including the demeanor of the various witnesses. If not, the district court would then be given discretion either to grant a complete new trial, or to give the parties the opportunity to present such additional testimony as might be pertinent to the issues and helpful to the court. However, so that there will be a majority of the Court, I concur in holding that a new trial shall be had upon remand.

## II.

It is true that respondent Stecklein does urge in his brief that an easement by necessity was not sought or urged in the trial court.[4] However, he makes no such conten-

---

1. Judge Frank in *United States v. Forness*, 125 F.2d 928 (2d Cir. 1942).

2. The record gives no indication of any Memorandum Decision which could have served to guide counsel in his preparation of Findings and Conclusions. Nor does the record show in what manner the court advised counsel as to which party prevailed. The minutes indicate that the parties were given time to submit briefs.

3. Acceptable procedures were set forth in *Compton v. Gilmore, supra.* The trial court is certainly entitled to request both parties to submit proposed findings—which should, however, be done prior to announcing which party will prevail.

4. No mention is made of an easement by necessity in the complaint, the defendant's answer or counterclaim, the answer to the counterclaim, the evidence, the findings of fact or the judgment. It is first urged in appellant's brief.

tion as to the issue of a prescriptive easement. In fact, he leaves no doubt that the issue was presented below:

"Respondent's case is based upon four counts. However, the controlling issue is whether or not the Appellant has the right to use a portion of the Respondent's land in traveling between the south end of Grandview Drive and his own property located in the canyon floor to the south and west of the Respondent's land." Respondent's Brief, p. 3.

The brief contains a thorough discussion of the law on prescriptive easements as applied to the evidence in this controversy. Obviously, Stecklein's counsel recognized that the issue had been tried. He himself drafted the conclusion which the trial court signed on the issue. And both sides have argued the issue in their briefs and orally. Hence I cannot comprehend how the dissenting opinion can summarily say that the issue is raised for the first time on appeal.

The dissent makes this statement regarding the issue of a prescriptive easement:

"The majority faults the trial court for its failure to enter a finding of fact specifically dealing with such alleged issue. Defendant sought no finding of fact on the issues of prescriptive easement or easement by necessity. Following the court's issuance of its findings and conclusions no amendment was sought thereto by the defendant."

The dissent thus implies that a party loses ground by failing to request findings, or by not seeking amendments to findings that have been entered. My view is different. I submit that the practice of requesting findings or suffering consequences for failing to do so, went by the board with the adoption of the Idaho Rules of Civil Procedure in November of 1958. These rules replaced the former statutory code pleading and practice, and nullified the cases under that former code.

Before 1958, as older members of the bar will remember, the trial judge, on reaching a decision, asked prevailing counsel to prepare proposed findings, conclusions and a judgment, and to submit the same to ad-

verse counsel who were, in turn, invited to submit additional findings and/or objections. When counsel could not agree among themselves, which was usually the case, there was a hearing at which the trial court settled the findings and conclusions, thus giving counsel an opportunity to be heard.

Under that former practice, as many Idaho cases demonstrate, requests for findings were required in any action tried to the court without a jury. In the federal courts, prior to the adoption of the F.R.C.P., the same requirement obtained. With the adoption of the F.R.C.P. on September 1, 1938, however, the requirement of requesting findings was abandoned. In *Hill v. Ohio Casualty Ins. Co.*, 104 F.2d 695 (6th Cir. 1939), a case following shortly thereafter, the court quoted the new Rule 52(a) and stated:

"This rule does not relieve the court of the duty to make special findings of fact and state separate conclusions of law; in fact it emphasizes that duty. *But it does undoubtedly relieve the litigant from making requests for such findings.*" (Emphasis added.) 104 F.2d at 696.

*Jackson County, Missouri v. Alton R. Co.*, 105 F.2d 633 (8th Cir. 1939), provides a good discussion of pre-rules and post-rules practice on this matter. *See also, Monaghan v. Hill*, 140 F.2d 31 (9th Cir. 1944); *Cafritz v. Koslow*, 83 U.S.App.D.C. 212, 167 F.2d 749 (1948). *And see*, Moore, § 52.10 at 2742.

The dissent errs, therefore, in implying that counsel must request findings. No such requirement has existed in Idaho since 1958.

SHEPARD, Justice, dissenting.

This action was brought and tried before the district court as one for injunction against trespass and for damages including an assault and battery resulting from one of the trespasses. The counterclaim alleged the existence of a public road and sought damages for interference with the use of that public road, including damages for assault and battery resulting from that interference.

The trial court found that no public road existed, that the defendants did trespass upon the property of the plaintiff, and that the defendant did physically assault the plaintiff. For those acts of trespass and assault, plaintiff was awarded damage by the trial court. As best I can understand the majority position, those findings and a portion of those damages are affirmed. In the next breath, however, the majority tells us that the defendant *may* have been rightfully and lawfully on the property since he *may* have possessed a prescriptive easement or an easement by necessity. Such is contrary to the clear holding of the district court.

Obviously I have not read the same record of the trial court proceedings as has the majority. I do not view the record which I perused as showing that the "roadway" was well marked and obvious to anyone in examining the premises. Montgomery indeed testified that he had used the property sought to be declared as an easement since the year 1947, however, in the next breath he also indicated he had never been denied permission to use the property until its purchase by Stecklein. The purchaser of the upland property from Montgomery stated unequivocally that Montgomery's use of the claimed easement was with permission. A tenant of Montgomery's stated that during a later period of time he had permission from Stecklein to use the asserted easement during his tenancy on the Montgomery property. Further testimony indicated and the trial court found that during most of the years in question the asserted easement property had been fenced and at times equipped with a locked gate. All of that testimony came from the lips of Montgomery's witnesses. What the majority characterizes as repair and maintenance of the road by Montgomery in fact were isolated instances of heavy equipment passing over the Stecklein property to do stream channelization and other work on the Montgomery property in the bottom of the canyon. The only actual attempt to improve the "roadway" was one of the circumstances leading to the instant lawsuit.

In my judgment the "evidence" tendered by the defendant on the alleged issue of prescriptive easement did not raise to the level of an issue tried by express or implied consent of the parties in accordance with I.R.C.P. 15(b). The testimony indicated only isolated and sporadic instances of trespass. The majority faults the trial court for its failure to enter a finding of fact specifically dealing with such alleged issue. Defendant sought no finding of fact on the issues of prescriptive easement or easement by necessity. Following the court's issuance of its findings and conclusions, no amendment was sought thereto by the defendant. Perhaps what is most mind boggling is that the appellant here tendered no assignment of error relating to the failure of the trial court to make a finding of fact on the issues of either prescriptive easement or easement by necessity.

The law in Idaho is established that unless an issue was clearly raised at trial and a *fair opportunity* was thus afforded the trial court to rule on such issue, it will not be reviewed on appeal. *See Weatherby v. Weatherby Lumber Co.*, 94 Idaho 504, 492 P.2d 43 (1972); *Willows v. City of Lewiston*, 93 Idaho 337, 461 P.2d 120 (1969). In my judgment the instant case demonstrates the need for such a salutory rule. It is designed to prevent "sandbagging" of a trial court, a result which the majority here condones.

> The trial court here held
> "the plaintiffs were the owners of the real property in question free and clear of all claims of the public and the defendant of any right-of-way, public road, *easement* or use; that there is no public road, highway or access over or upon the plaintiffs' land and no person has any right to any use of said property without the consent of the plaintiffs."

In my opinion such holding by the trial court laid at rest and held adversely to any theory of the defendants relating to an easement by prescription or necessity. Even more compelling is the fact that the defendant-appellant does not complain on appeal. In the instant case I think it is a

fair presumption that such findings as desired by the majority would have been adverse to the appellant.

I would affirm the judgment of the trial court.

DONALDSON, J., concurs.