[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM AS TO CLAIM OF ATTORNEY-CLIENT PRIVILEGE AT DEPOSITION
In this case the defendant Shannon Garrett and her father are represented by in-house counsel. The defendant Shannon who is now 22 years old went to see counsel about this case with her mother. Plaintiff's counsel scheduled a deposition of the mother and inquired as to whether she went with her daughter to these conferences, when and how many times. A dispute then broke out between the lawyers when counsel for the defendants asserted the attorney-client CT Page 443 privilege. The parties seek a ruling by the court prior to the renewal of the deposition.
The privilege would not seem to protect revelations about the fact of contacting a lawyer and the number of times the lawyer was contacted. Plaintiff's counsel, however, candidly said to the court that when the deposition was renewed he intended to inquire of the mother as to the conversations she had with the lawyers. He also intends to ask the mother about the conversations the daughter had with the lawyers in her presence.
As to the conversations of the mother with the lawyers, the court believes the privilege should apply. In an affidavit the mother claims she was seeking legal advice from the lawyers. Her husband was being sued so she certainly had an independent and understandable interest, motive, and reason to seek such advice and the court cannot say that given the presence of her daughter, her presence was not necessary to further the interest of her and her client-husband, cf Holes v. Superior Court,204 Cal. Rptr 111,116 (1984). However, the court must still resolve the privilege claim concerning communications made by the daughter to the lawyers in the mother's presence. The plaintiff argues that the presence of the mother negates any claim that the communications were made in confidence or that the client daughter could reasonably expect these communications would be confidential. McCormick in Volume I, § 91 at page 335 of his work on evidence notes that the courts are not consistent in their holdings on how the presence of relatives or friends will affect the claim of privilege. Interestingly from the cases McCormick cites the client shouldn't be allowed to assert the privilege when accompanied by a sibling, Cafritz v. Koslow, 167 F.2d 749
(D.C. Cir, 1948), or a friend, People v. Doss, 514 N.E.2d 502
(Ill. 1987); cf. State v. Murvin, 284 S.E.2d 289 (N.C. 1981) where claim of privilege not allowed when aunt and friend attended meeting with lawyer.
However, clients were held not to have waived their privilege when accompanied to court by a parent, U.S. v.Bigos, 459 F.2d 639, 643 (CA 5, 1972), Bowers v. State,29 Ohio St. 5442, 546 (1876). In Bowers the client daughter CT Page 444 was described as a youth; in Bigos there is no such reference to age. It seems to me that when a twenty-two year old goes to a lawyer's office with her mother in a situation where she knows her father has been sued and it is apparent the mother has shown a consistent interest in the case by appearing at jury selection, the client should be held to have a reasonable expectation that her communications would be held to be confidential. Parents have a unique relationship with children that certainly does not end abruptly with the age of majority. Parents often take an active interest in encouraging children to seek legal advice and then stay involved with the legal relationship once it is established. This mother apparently attended every day of jury selection with the child and accompanied her to visits with the lawyers.
Given this mother's involvement in this case and her daughter's affairs, the court is not prepared to say that the mother's presence would not be of assistance to counsel and the daughter relative to the daughter's communications with the lawyers or that the daughter should have realized she was waiving her confidential privileges with the lawyers because her mother was there. Therefore, I believe the privilege can be claimed as to communications that the mother heard between her daughter and the lawyers. In any event the mother's conversations with the lawyers might be so inextricably bound with the daughter's that it would be impossible to fairly separate out one conversation from the other and the court believes the mother's conversation is privileged.
Of course, no privilege could be claimed as to conversations between mother and daughter relative to the case outside of any conference with the lawyers.
I also do not feel that this is an appropriate case for sanctions since although the particular preliminary questions being asked which led to the termination of the deposition were not objectionable it seems accepted by both sides that these questions were meant to set the stage for a line of questioning which the court believes should be barred by the privilege claims. CT Page 445