(November 26, 1897.)

## McMASTERS v. TORSEN.

### [51 Pac. 100.]

EJECTMENT—WHAT MUST BE ESTABLISHED.—A party bringing an action of ejectment is required to establish, in order to recover, right to possession and possession in plaintiff and ouster by defendant.

QUIA TIMET AND EJECTMENT DISTINGUISHED.—Proof of a state of facts that might entitle a party to recover under the statutory action of *quia timet* cannot be made available in an action of ejectment.

TAX DEEDS AS TITLE—COURT SHOULD NOT REFUSE RIGHT TO CONTEST.— Where defendant relies upon a tax deed for title, it is error for the trial court to refuse to the plaintiff the right to contest those matters in regard to which the statute makes the tax deed only .*prima facie* evidence.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellant.

Section 1556 of the Revised Statutes of Idaho, provides as follows: "Such deeds, duly acknowledged or provided [*errata* says "proved"], is [except as against actual fraud] conclusive evidence of the regularity of all other proceedings from the assessment by the assessor inclusive up to the execution of the deed." And yet in the face of these express provisions, with the tax deeds introduced reciting particularly each and every step required by the statute, and reciting particularly the matters contained in the tax certificates, upon which they were respectively based, and with no evidence whatever to impeach, annul, vitiate or overcome the recitations therein contained, the court renders a judgment for the plaintiffs. The Deering's Political Code of California, sections 3786 and 3787, are the same as the sections referred to in the Idaho Code, *supra*, and the supreme court of that state in *Rollins v. Wright*, 93 Cal. 397, 29 Pac. 58, and *De Triville v. Small*, 98 U. S. 595, has construed these sections.

R. T. Morgan, for Respondent.

As to the question of the effect of a tax deed as evidence under the statute, we cite a case decided by the supreme court of the United States arising originally under the statutes of the state of Oregon, which are similar to ours in this respect, which we think entirely disposes of the question: *Marx v. Hanthorn*, 148 U. S. 172, 13 Sup. Ct. Rep. 508.

HUSTON, J.—This is an action of ejectment. The complaint avers title, the right of possession, and possession by plaintiffs, and ouster and continued withholding of possession by defendant. Upon the trial, plaintiffs offered in evidence, to establish their title, a decree of foreclosure and sale in a case entitled "*William McMasters v. Jacob Sigrest et al.*," to the introduction of which defendant objected, upon the ground that the same was "incompetent, irrelevant and immaterial," and the further ground that "the complaint does not state facts sufficient to constitute a cause of action," and the further ground that "it is not shown that the plaintiffs have any interest whatever in the judgment or decree, or that the parties plaintiff mentioned are the plaintiffs in this action." This

objection was overruled by the court. The plaintiffs then introduced a sheriff's certificate of sale under the decree of foreclosure, and also the assignment of such certificate by the purchaser therein named to the plaintiffs, and a deed from the sheriff upon such certificate to the plaintiffs. To the introduction of all these instruments, objection was made by defendant, upon the ground that they were "incompetent, irrelevant and immaterial." The instruments were admitted by the court, and copies of them appear in the record. We are unable to find any error in the action of the court in their admission. It was not proven or attempted to be proven that the plaintiffs or either of them were ever in actual possession of the premises in question.

The plaintiffs then undertook to prove the possession of the premises in question by defendant; but the only evidence in support of that contention goes simply to the extent that the defendant had or was supposed to have hauled some lumber upon the land. To maintain the action of ejectment, it is essential that the plaintiff allege and prove three things: 1. The right of possession in the plaintiff; 2. Possession in the plaintiff; 3. Ouster of plaintiff by the defendant. The record does not show that any one of these essential facts were proven by plaintiffs. Section 4538 of the Revised Statutes of Idaho, provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." We do not understand that this statute does away with the action of ejectment, and the plaintiffs having elected to pursue their remedy by that action, as shown by their complaint, they will be required to make their case thereunder.

As our view of the case will necessitate a retrial, we feel constrained to pass upon some other questions raised by the record, and which may recur upon another trial of the case. The defendant claimed title to the premises in question under certain tax deeds. At the close of plaintiffs' testimony defendant moved to dismiss the action, upon the ground that plaintiffs had failed to show possession of the premises in question by defendant. This motion was overruled by the

court, and thereupon defendant introduced certain tax deeds under which he claimed title to the premises in question, to the admission of which plaintiffs objected. The record shows the ruling of the court thereon, as follows: "The Court: I do not think that they have shown the necessary steps to overthrow your title, but I will not overrule your motion. I think, if you have any rebuttal, you had better introduce it. I do not think you, Mr. Morgan, are required to show those steps. If I want any more evidence from you, Mr. Morgan, I will call on you." Immediately following this not entirely lucid expression of the court, we find the following in the record: "Now, at this time, the parties leave the case with the court for consideration, and ask ten days in which to file briefs. The Court: I will reserve the rulings on both sides to dismiss." All of the foregoing proceedings seem to have been had at the March term, 1895, of said court. The record further shows the entry of the following order:

"The above-entitled action coming regularly on to be heard before the court, sitting without a jury, a jury having been expressly waived by the respective parties hereto, on the sixth day of April, 1895, at the courtroom of the courthouse in Latah county, Idaho, and evidence being introduced in chief by the respective parties hereto, and the evidence of the defendant being closed, and the court being fully advised in the premises, it is hereby ordered that the plaintiffs be, and they are hereby, allowed to introduce their rebuttal testimony at the next ensuing term of this court. Said cause is hereby continued for the term.

"W. G. PIPER,
"Dist. Judge."

"Thereafter, on the fifteenth day of February, 1896, the case was recalled, and the plaintiffs offered one J. R. Hall as a witness. Defendant objected to the introduction of any further evidence on the part of the plaintiffs, upon the ground that—1. In this case the evidence on both sides was closed at the spring term of the district court for Latah county in 1895; 2. The defendant objected thereafter to the introduction of any testimony on behalf of plaintiffs. That thereafter the plaintiff was given until the fall term of the district

court of Latah county, 1895, at which to furnish additional testimony. That no testimony was introduced, no application made to the court; and that the plaintiffs are now in default. Upon the further ground that there are no allegations in the complaint to support the testimony offered."

These objections were overruled by the court. The plaintiffs then offered to prove, among other things, "that the assessment-roll was not submitted to the board of equalization of said county, or that said assessment-roll or said taxes were duly equalized as provided by law; . . . . that the levy and assessment of the taxes for the year 1891 upon said property was not upon the second Monday in April, 1891, but upon a later date." This offer by the plaintiff was overruled and rejected by the court, and exception thereto taken by plaintiff.

Section 1555 of the Revised Statutes, provides that the tax deed is *prima facie* evidence that "the property was equalized as required by law"; that "the property was assessed as required by law." That these provisions of the statute were not complied with, the plaintiff, under the statute, had a right to show. To refuse him such right was error.

The court finds as a fact that on the nineteenth day of July, 1893, the plaintiffs entered into possession of the premises described in the complaint. This finding is wholly unsupported by the evidence. The record does not show even an attempt to prove possession by plaintiffs, either by themselves or by anyone representing them. The court, as a second finding of fact, finds that on the twentieth day of July, 1893, defendant ousted plaintiffs from possession of the described premises. This finding is entirely unsupported by the evidence, as the same appears in the record. We are unable to find a scintilla of evidence in the record to support this finding. We do not think the conclusion and judgment of the district court are supported by the record. The manner in which this case was tried, as appears from the record, is hardly commendable. The judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion; costs awarded to appellant.

Sullivan, C. J., and Quarles, J., concur.