(February 11, 1907.)

## I. S. FROMAN, Respondent, v. ADA F. MADDEN, Appellant.

[88 Pac. 894.]

VENDOR AND VENDEE—BONA FIDE PURCHASER—VALUABLE CONSIDERA-
TION—DEED FIRST RECORDED—EJECTMENT—PROOFS NECESSARY—
ESTOPPEL.

1. One who purchases real estate without any knowledge or
notice that the same has been previously conveyed to another party,
and pays a valuable consideration therefor, and duly records his
conveyance prior to the recording of the previously executed deed,
takes a good title to the property so conveyed, and may maintain
ejectment against such prior purchaser who goes into possession sub-
sequent to the plaintiff's purchase.

2. Under the provisions of section 3001 of the Revised Statutes,
"every conveyance of real property other than a lease for a term
not exceeding one year is void as against any subsequent purchaser
or mortgagee of the same property, or any part thereof, in good
faith and for a valuable consideration, whose conveyance is first duly
recorded."

3. One who has notice or knowledge of a previous sale of
real property, or who has notice or knowledge of such facts and
circumstances as would lead a reasonably prudent man to discover
that a previous sale had been made, is not a purchaser in good faith
within the meaning of section 3001, Revised Statutes.

4. A plaintiff in ejectment who successfully establishes his own
title and possession of the premises by the defendant, and a with-
holding of the same from plaintiff, makes a sufficient case to en-
title him to recover.

5. One cannot be precluded the right of recovery under the
doctrine of estoppel who has committed no act nor has made any
statement or representation that would mislead or deceive the ad-
verse party, or cause him to part with his property or labor either
to the prejudice of the one or the gain of the other.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Frank J. Smith, Judge.

Action in ejectment. Judgment for the defendant. Plaintiff moved for a new trial and the motion was granted. Defendant appealed from the judgment and order granting a new trial. *Affirmed.*

Griffiths & Griffiths and Rice & Thompson, for Appellant.

The plaintiff was obliged to allege and prove in this action for ejectment three things to entitle him to the verdict and judgment: 1. The right of possession in plaintiff at the time the action was begun; 2. Prior possession in the plaintiff; 3. Ouster of plaintiff by defendant. (*McMasters v. Torsen,* 5 Idaho, 536, 51 Pac. 100; *Owen v. Fowler,* 24 Cal. 193; *Owen v. Morton,* 24 Cal. 373; 10 Am. & Eng. Ency. of Law, 2d ed., 494, and cases cited in note 7.)

One who enters into possession of real estate rightfully must have such possession changed by demand, notice or some act of the parties to make such possession wrongful before the action of ejectment can be maintained. (*McNally v. Connolly* (Cal.), 9 Pac. 169; *Newell v. Woodruff,* 30 Conn. 492; *Prentice v. Wilson,* 14 Ill. 91; *Taylor v. McCracken,* 2 Blackf. (Ind.) 260; *Stackhouse v. Reynolds,* 5 Blackf. (Ind.) 57; *Bool v. Mix,* 17 Wend. 119, 31 Am. Dec. 285; *Chamberlain v. Donohue,* 41 Vt. 306; *Clark v. Davis,* 22 Ky. Law Rep. 1231, 60 S. W. 396.)

The undisputed evidence and facts admitted show that plaintiff was never in possession, and was never ousted from possession by defendant. And the existence and proof of these facts are indispensable to plaintiff's right to recover in this case. (*McMasters v. Torsen, supra; Watkins v. Winnings,* 102 Ind. 330, 1 N. E. 638; *Zilmer v. Gerichten,* 111 Cal. 73, 43 Pac. 408; *Chesser v. Harrelson,* 119 Ala. 435, 24 South. 716; *Watson v. Hue,* 9 Pa. Dist. Ct. Rep. 519.)

The burden is on plaintiff to prove that he was an innocent purchaser for value and without notice of defendant's claim. The record is not sufficient. (2 Pomeroy's Equity Jurisprudence, 3d ed., sec. 759, and notes.)

H. E. Wallace and Stone & MacLane, for Respondent.

An examination of the evidence as disclosed by the transcript shows without any attempt at contradiction that plaintiff, when he purchased and paid for the lots in question, knew nothing of defendant's prior deed, and that there were no circumstances to put him on inquiry as to the same. The land was vacant and unoccupied. It had no improvements. Plaintiff did all that the law required of him when he searched the records and had an abstract of title prepared.

In order to create an equitable estoppel, there must be an admission, act or declaration intended to influence the conduct of another, and actually leading him into a line of conduct which would be prejudicial to his interests, unless the party estopped be cut off from the power of retraction. (*Leland v. Isenbeck,* 1 Idaho, 469.)

"It seems to be in harmony with the trend of authority to say that a person may rest upon the constructive notice which the record of title imparts, and that he is under no duty or obligation to give any other notice to anyone who assumes to deal with other parties in reference to such property. He may remain silent and passive." (*Eastwood v. Standard etc. Co.,* 11 Idaho, 195, 81 Pac. 382.)

There is no evidence to show that plaintiff knew, before the construction of the fence by defendant, that defendant contemplated making such improvement. As to the house erected by defendant, it appears from her own testimony that she built the house after learning from plaintiff's brother that plaintiff would insist on his right to the land. In the face of this knowledge, defendant erected those improvements on account of which she claims an estoppel against plaintiff.

Plaintiff's right was fixed by the record of the deed in October. He then obtained the constructive possession of the land and held it until ousted by the act of defendant in entering on the same and building her fence. All that is necessary to constitute an ouster is that defendant wrongfully withhold possession from the plaintiff. (2 Bouvier's

Law Dictionary, 561; *Rego v. Van Pelt,* 65 Cal. 264, 3 Pac. 867.)

Proof of a paper title and a withholding of possession by defendant is sufficient to sustain an action of ejectment. It is only where plaintiff fails to prove title that he must show an actual prior possession. (*Miller v. Shackleford,* 33 Ky. (3 Dana) 289; *Cornelius v. Ivens,* 26 N. J. L. 376; *Jackson v. Crysler,* 1 Johns. Cas. 125; *Polack v. McGrath,* 32 Cal. 15; *Page v. O'Brien,* 36 Cal. 559.)

AILSHIE, C. J.—This is an action in ejectment. The case was tried before the court with a jury and a verdict was returned in favor of the defendant, whereupon judgment was entered accordingly. Plaintiff moved for a new trial and the motion was allowed and a new trial granted. The defendant appealed from the order. The evidence in the case is very brief, and contains but slight, if any, material conflict. The essential and undisputed facts material to be considered in this case are as follows, as disclosed by the record presented on this appeal:

The defendant, Ada F. Madden, purchased of the Caldwell Land Company, Ltd., a corporation, block 123 in the town of Caldwell, and paid the purchase price therefor in the sum of $220, and received a deed dated August 1, 1904, which was acknowledged September 2d the same year. This deed was not filed for record with the recorder of Canyon county (the county in which the land was situated) until the tenth day of November following. In the latter part of September, 1904, I. S. Froman purchased from the same company this same tract of land and paid therefor the sum of $200. He received a deed dated September 28th, which was acknowledged on the thirtieth day of September, and filed for record in the recorder's office on the eleventh day of October following.

At the time of these purchases by both the plaintiff and the defendant the land was vacant, uninclosed and unoccupied land, covered with greasewood and salt grass. Neither purchaser appears to have had anything more than

a constructive possession of the property until the early part of November, at which time the defendant caused the block to be fenced at an expense of about $25. In the following July she had a small house erected on the land at an expenditure of $230. She was absent from the state of Idaho from about the 3d of September, 1904, until the tenth day of June following, and did not learn of the sale of the property to the plaintiff until sometime in December of 1904, or January, 1905. The plaintiff testifies that the first time he ever learned that defendant claimed any right or title to this property was about two months after he bought it. This evidence is not disputed, either directly or by any circumstances. At the time of the plaintiff's purchase and payment of the purchase price, defendant's deed was unrecorded and remained so for about forty days thereafter. So far as the evidence discloses, the plaintiff was clearly a purchaser "in good faith and for a valuable consideration," and his deed was placed of record prior to the recording of defendant's deed.

The facts of this case seem to bring it clearly within the provisions of section 3001 of the Revised Statutes, which is as follows: "Every conveyance of real property other than a lease for a term not exceeding one yea ris void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." The plaintiff testifies that he caused the company to furnish him an abstract of title, for which he paid the sum of $10, and of course that abstract failed to show the conveyance to defendant, for the reason that the same had never been recorded, and the plaintiff testifies that he had no knowledge whatever of the sale or conveyance to the defendant and did not have for some two months after his purchase. This constitutes him clearly a purchaser "in good faith and for a valuable consideration," and his conveyance having been first placed of record, gave him the title and a constructive possession with a right of immediate actual possession of the premises. (*Gassen v. Hendrick*, 74 Cal. 444, 16 Pac. 242; *Foor-*

*man v. Wallace,* 75 Cal. 552, 17 Pac. 680.)    Of course, if the
defendant should be able to show that the plaintiff had actual
knowledge of the sale and conveyance to her prior to his re-
ceiving a deed and parting with the purchase price, she
would be entitled to recover in this action, or if she could
show that he had knowledge of such facts and circumstances
as would have led to the discovery of her purchase and con-
veyance by a reasonably prudent man, she would be entitled
to recover, but in order to recover, she must show that he
was not a purchaser in good faith within the meaning of
the statute.

Counsel for appellant argue that since respondent saw fit
to commence an action in ejectment to recover the possession
of the premises, he must be held strictly to the rule ap-
plicable in such case, and that having never been in the
actual possession of the land prior to the entry of the de-
fendant, no ouster has ever taken place.    In support of that
contention, he relies on *McMasters v. Torsen,* 5 Idaho, 536,
51 Pac. 100, wherein this court said: "To maintain an action
in ejectment it is essential that the appellant allege and
prove three things: 1. The right of possession in the plain-
tiff; 2. Possession in the plaintiff; 3. Ouster of plaintiff by
the defendant."

The proposition as stated in that case is perhaps rather
uncertain and possibly misleading.    We do not think, how-
ever, that it was the intention of the court to hold that a
plaintiff, in order to maintain an action in ejectment, must
have been actually upon the land prior to the entry and ouster
by the defendant.    It is true that at one time that was the
rule, but the right of possession follows as a matter of law
from seisin.    One who establishes his title makes a case en-
titling him to possession.    If any special or peculiar reasons
exist why the right of possession in any particular instance
should not follow the title, that fact should be shown in
defense of the action.    In the very instructive case of *Payne
et al. v. Treadwell,* 16 Cal. 220, Mr. Justice Field, in discuss-
ing the subject of ejectment, said: "If the defendant's hold-
ing rests upon any existing right, he should be compelled

to show it affirmatively, in defense. The right of posses-
sion accompanies the ownership; .... the right of present
possession is presumed as a matter of law. .... It is by
force of this presumption that the plaintiff can rest, in the
first instance, his case at the trial upon proof of his seisin,
and of the possession by the defendant. From these facts,
when established, the law implies a right to the present pos-
session in the plaintiff, and a holding adverse to that right
in the defendant." In 10 Am. & Eng. Ency. of Law, 2d
ed., at page 494, the author says: "The basis of an action
of ejectment is the right to the possession and to the title,
and a person bringing such action is required, in order to
recover, to establish a right of possession." (Warvelle on
Ejectment, secs. 219-221; *Page v. O'Brien,* 36 Cal. 559;
*Polack v. McGrath,* 32 Cal. 15.)

An examination of the modern authorities will disclose
the fact that right of possession in the plaintiff at the time
of the commencement of the action and a withholding by
the defendant at the same time is all that is necessary to be
established in order to entitle the plaintiff to recover. This.
we take it, is all that is intended by the court in *McMasters v.
Torsen,* although the principle is announced in a somewhat
different form from that herein stated. In this case, the
plaintiff on receiving his deed to the tract of land in dispute,
and recording the same prior to the record of defendant's
deed, became entitled to immediate possession of the prem-
ises, and under the provisions of section 3001, *supra,* defend-
ant's deed became immediately void as against plaintiff.
From that time forth the defendant became a trespasser,
and any further withholding of the premises from plaintiff's
possession amounted to an ouster and gave the plaintiff his
right of action for such withholding.

It has also been contended in this case that the plaintiff
having permitted the defendant to make improvements upon
the premises, is now estopped to assert title and right of
possession in himself. So far as the record discloses, there
is no element of estoppel in the case. The defendant testifies
that she never spoke to or had any conversation with the

plaintiff prior to the commencement of this action. It is, therefore, clear that she was not deceived nor misled by anything he said. Neither is it shown that he performed any act or did anything that would mislead the defendant, or that was calculated to deceive her or cause her to part with her property or labor either to her prejudice or to his gain (*Leland v. Isenbeck*, 1 Idaho, 469; *Eastwood v. Standard M. & M. Co.*, 11 Idaho, 195, 81 Pac. 382.)

Respondent complains of the hardship of this case for the reason, as counsel insists, that she will be obliged to lose her home and the improvements placed upon the land. If her deed had been recorded as provided by law, she would not have taken the risk of such loss. But we can see no reason why she should not receive full compensation for all of her improvements and expenditures, both in time and money; and, indeed, if the land company that undertook to sell and convey this land twice does not amply and fully compensate her, they should be dealt with under the criminal laws as provided by section 7097, Revised Statutes. It is clear to us that there has either been an offense committed by and on the part of this company as defined by the provisions of section 7097, or else they have been guilty of the grossest negligence; in either of which cases they should be made to respond in all damages sustained by the defendant. A corporation cannot escape liability by merely changing business agents between the times of two inconsistent transactions.

The judgment and order appealed from must be affirmed, and it is so ordered. Costs awarded in favor of the respondent.

Sullivan, J., concurs.