526 P.2d 178

**William H. LANGROISE, Plaintiff-Appellant,**

**v.**

**Gene A. BECKER et al., Defendants-Respondents.**

**No. 11352.**

Supreme Court of Idaho.

Sept. 23, 1974.

---

7. *Id.*, at 382, 23 P.2d at 722.

8. I.C. §§ 43–404 & 43–701.

9. Bosworth v. Anderson, 47 Idaho 697, 280 P. 227 (1929) ; Booth v. Groves, 43 Idaho 703, 255 P. 638 (1927).

Langroise, Sullivan & Smylie and Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff-appellant.

Givens & Givens and Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-respondents.

BAKES, Justice.

Plaintiff-appellant William H. Langroise brought this action for reformation of a deed given to him by defendant partnership Mountain States Investment Builders, its general partners, Clyde Skeen, Dick N. Richards, Gene A. Becker and Berry F. Davis, and their respective wives, Helen F. Skeen, Paula H. Richards, Jane T. Becker and Ruth S. Davis. Langroise asked that the deed in question be reformed to include in the grant an additional eighteen-foot strip of land to which defendants Gene A. Becker, Jane T. Becker, Clyde Skeen and Helen F. Skeen still retain fee title.

Defendant Idaho First National Bank is the beneficiary under a recorded deed of trust to the parcel in which the eighteen-foot strip is located. Defendant Title Trust Company is the trustee under the deed of trust. Langroise added these two defendants during the course of the proceedings because he claims that these defendants' rights under the recorded deed of trust are subject to his right to have the deed reformed by the addition of the eighteen-foot strip. The trial court dismissed the bank and the title company from the action upon their motion for summary judgment. The appeal is taken from the dismissal of these defendants.

According to the evidence submitted by Langroise in opposition to the motion for summary judgment, the disputed strip of land has been used in the operation of the apartment complex which is owned by

Langroise. A few inches of swimming pool deck encroached over the record property line, while grass, shrubbery and lighting fixtures associated with the Langroise property occupied substantially the balance of the eighteen-foot strip in question. Langroise claims that these uses of the strip were in existence when he purchased the property from the defendant partnership and were in existence at the time of recording the deed of trust. The record before us does not show that any party to the action was aware of the encroachment at the time of recording.

The bank and title company contend that the recording statutes give them complete protection against Langroise's claim. I.C. § 55-812 provides as follows:

"55-812. UNRECORDED CONVEYANCE VOID AGAINST SUBSEQUENT PURCHASERS—Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

I.C. § 55-813 defines "conveyance" as follows:

"55-813. Conveyance defined.—The term 'conveyance' as used in this chapter, embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or encumbered, or by which the title to any real property may be affected, except wills."

The bank and the title company assert that Langroise's claim of a right to reformation of the deed cannot be a conveyance because it is not in writing. They then contend that the language of I.C. § 55-812 by implication requires that for a party to assert rights inconsistent with a recorded interest that those rights must have been created by a "conveyance." They contend that the recording act cuts off all rights not created by a writing without regard to whether or not the recording party is a good faith purchaser without notice of the rights. We disagree.

█ The purpose of the recording act in a race-notice jurisdiction, like Idaho, is to allow recorded interests to be effective against unrecorded interests when the recorded interest is taken for a valuable consideration and in food faith, i. e., without knowledge, either actual or constructive, that unrecorded interests exist. Froman v. Madden, 13 Idaho 138, 88 P. 894 (1907). To rule upon this question in the manner urged by the bank and title company would allow a purchaser or encumbrancer with actual knowledge of adverse possession, or of a boundary dispute not based upon a written instrument, to eliminate all rights inconsistent with those in his deed merely by recording. We cannot believe that this was the intent of the legislature in enacting a race-notice statute. One who purchases or encumbrances with notice of inconsistent claims does not take in good faith, and one who fails to investigate the open or obvious inconsistent claim cannot take in good faith. Amerco, Inc. v. Tullar, 182 Cal.App.2d 336, 6 Cal.Rptr. 71 (1960).

█ We believe that on the record before us the issue of lack of good faith of the encumbrancer may be raised, i. e., a factual question has been presented concerning whether the encroachment was so apparent that no encumbrancer can be said to have taken in good faith. To guide the factfinder upon remand, we must define the duty of investigation put upon the purchaser or encumbrancer. In Paurley v. Harris, 75 Idaho 112, 268 P.2d 351 (1954), a case dealing with the rights of a grantee whose grantor had settled a boundary dispute by an unrecorded agreement and acquiescence in the new line, the Court said:

"One buying property in the possession of a third party is put upon notice of any claim of title or right of possession by such third party, which a reasonable investigation would reveal." 75 Idaho at 117, 268 P.2d at 353.

We believe that this is the appropriate rule in determining good faith under the

recording act, i. e., that one cannot be a good faith purchaser or encumbrancer when a reasonable investigation of the property would have revealed the existence of the conflicting claim in question. The pleadings, depositions and affidavits disclose a genuine issue of fact over what a reasonable investigation would have disclosed.

 Respondents urge that the summary judgment granted by the trial court can be sustained upon several other legal theories asserted by them, including a breach of fiduciary relationship by Langroise, estoppel, and ratification by Langroise of respondents' superior claim. We have reviewed the record and conclude that those issues cannot be resolved upon summary judgment in view of the conflicting factual issues raised by the voluminous transcript of evidence submitted in the summary judgment proceeding. The motion for summary judgment was improperly granted. I.R.C.P. 56(c); Day v. Mortgage Insurance Corp., 91 Idaho 605, 428 P.2d 524 (1967).

Judgment reversed and remanded. Costs to appellant.

DONALDSON, McQUADE and McFADDEN, JJ., and SCOGGIN, D. J., concur.