**324**

528 P.2d 206

**Doris PERRIGO, Plaintiff-Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Respondent.**

**No. 11510.**

Supreme Court of Idaho.

Nov. 12, 1974.

Hamilton & Hamilton, Coeur d'Alene, for plaintiff-appellant.

Samuel Eismann, Coeur d'Alene, for defendant-respondent.

**PER CURIAM:**

This case arises out of the interpretation of an accidental death provision of a life insurance contract. After a quarrel, Doris Perrigo shot and killed her husband under circumstances in which she claimed that the death was accidental. She was tried for first degree murder and was acquitted. She then filed a claim against John Hancock Mutual Life Insurance Company as the beneficiary under an insurance policy on her late husband's life. John Hancock rejected the part of her claim in which she asked for benefits under a clause granting additional payment if the insured died an accidental death. John Hancock moved for summary judgment which was granted in its favor, and Mrs. Perrigo appealed. We reverse the trial court's entry of summary judgment against her.

Summary judgment is improperly granted when the supporting depositions or affidavits show there is a dispute as to a material fact. I.R.C.P. 56(c); Langroise v. Becker, 96 Idaho 218, 526 P.2d 178 (1974). A review of the following cases shows how, under similar circumstances, different courts have come to different conclusions on the question of whether or not deaths caused by family members were "accidental" within the meaning of insurance policies. Gem State Mutual Life Assoc. v. Gray, 77 Idaho 157, 290 P.2d 217 (1955); Rodolph v. New York Life Insurance Co., 412 P.2d 610 (Wyo.1966); Life & Casualty Co. of Tennessee v. Hulsey, 109 Ga.App. 15, 134 S.E.2d 880 (1964); General American Life Insurance Co. v. Priest, 301 F.2d 390 (10th Cir. 1962); Shields v. Prudential Insurance Co. of America, 6 N.J. 517, 79 A.2d 297 (1951). In this case the primary evidence before the trial court on the summary judgment hearing was the testimony of Mrs. Perrigo and a houseguest given at the criminal trial of Mrs. Perrigo. On the record before us we cannot say as a matter of law that there is no question of fact over the issue of whether or not the death of her husband was "accidental" within the meaning of the policy. Thus, summary judgment was improperly granted against Mrs. Perrigo, and the judgment of the trial court is reversed and the matter remanded for trial.

Costs to appellant.