533 P.2d 746

**Roy E. FAJEN, Plaintiff-Appellant,**

v.

**Jack E. POWLUS and Stella M. Powlus, Defendants, Third-Party Plaintiffs-Respondents,**

v.

**Lucille E. SMITH and the Estate of S. B. Smith, Third-Party Defendants.**

No. 11572.

Supreme Court of Idaho.

Feb. 24, 1975.

Lloyd J. Webb, of Webb, Pike, Burton & Carlson, Twin Falls, for appellant.

John A. Doerr, of Doerr & Reed, Twin Falls, for respondents.

BAKES, Justice.

This case arises out of conflicting claims to a tract of real property in the city of Twin Falls. S. B. and Lucille E. Smith, husband and wife, owned Lots 2, 3 and 4, of Block 1, Wood's Addition to Twin Falls. On January 30, 1969, they entered into a contract of sale of part of Lot 4 with Jack E. and Stella M. Powlus, husband and wife, who had been operating a canvas manufacturing and repair business as tenants on Lot 4 since 1965. This agreement and the warranty deed which accompanied it were unrecorded. In March or April of 1970, S. B. Smith delivered a deed to Lots 2, 3 and 4, signed by him and his wife, and dated February 27, 1970, to Roy E. and Wanda M. Fajen, who were then husband and wife, reserving life estates in the property for himself and his wife. Wanda M. Fajen was the Smiths' daughter. This deed was recorded on May 11, 1971. Lucille Smith did not sign or acknowledge the execution of the deed in the presence of the notary who purportedly acknowledged her signature.

The Fajens were later divorced, and the final decree was entered on March 2, 1972. On February 15, 1973, after the divorce and S. B. Smith's death, Roy E. Fajen obtained quitclaim deeds from Wanda M. Fajen and Lucille Smith acting in her own behalf, and Lucille Smith acting as personal representative of her late husband's estate; these deeds, which were recorded the following day, conveyed all the grantors' interest in Lots 2, 3 and 4.

Plaintiff Roy E. Fajen brought this quiet title action against the Powluses. The main issue before the trial court was the priority of the interest of Roy E. Fajen with respect to Jack E. and Stella M. Powlus in that portion of Lot 4 which the Powluses had contracted to purchase from the Smiths, and the priority of the interest

of Fajen in a portion of Lot 3 which the Powluses had been using for customer parking for the business operated by them on Lot 4. The trial court ruled that (1) Fajen's interest in Lot 4 was subject to the Powluses' prior contract purchaser's interest in that lot, and (2) that the Powluses had an easement for parking cars on Lot 3 in the area in which their customers had parked cars in the past.

We will first discuss Fajen's assertion that he is entitled to the protection of the recording acts and that his rights to Lot 4 should not be subject to the Powluses' unrecorded contract for sale and deed. The Idaho statute provides as follows:

> "55–812. *Unrecorded conveyance void against subsequent purchasers.*—Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

The contract and deed entered into between the Smiths and the Powluses in January of 1969 were placed in escrow and never recorded. Fajen recorded the subsequent deeds which he received. Thus, if Fajen was a good faith purchaser for value as defined in I.C. § 55–812, then his recorded deeds would prevail against the prior contract and deed of the Powluses from the Smiths, even though it was executed subsequent in time.

█ The question of whether Fajen was a good faith purchaser depends upon whether he knew, or whether a reasonable investigation would have revealed that the Powluses had a claim to Lot 4. Langroise v. Becker, 96 Idaho 218, 526 P.2d 178 (1974). The trial court found in its conclusion of law "C" that at all times since September, 1969, Roy E. Fajen "had constructive notice of all rights and claims of Jack and Stella Powlus arising under the contract of sale. . . . " (Clk.Tr. p. 52).

The record discloses that Fajen knew that the Powluses were occupying the lot in question and were conducting a commercial business on it prior to his marriage to Wanda Fajen in October of 1969. His former wife, Wanda M. Fajen, who at the time of the trial had remarried and whose name was then Wanda M. Dimmick, testified that they were married in October, 1969, and that before she and Roy E. Fajen were married a family discussion was held concerning the dire financial circumstances of her parents, the Smiths, and that she and Roy E. Fajen were considering loaning $10,000 to her parents, the Smiths, to help them with an indebtedness against Lot 2, which was the Smiths' home place. She testified that the reason that Lot 4 was not brought into the transaction was that the sale had been made to Jack Powlus in January of 1969. In response to the question, "Did Mr. Fajen know about that at that time?" the following testimony was elicited:

> "A. Yes, we all knew about it at that time.
>
> "Q. Was it discussed among the family?
>
> "A. Yes, among all six of us." (Rptr. Tr. p. 87).

█ While there was testimony from Mrs. Smith that she did not know of any such conversation before Roy E. Fajen and her daughter Wanda were married, the trial court from all of the evidence concluded that appellant Fajen had constructive notice of the claim of the Powluses in September of 1969. Viewing the evidence most favorable to respondent, as we must do on appeal, Cahill v. Logue, 93 Idaho 533, at 537, 466 P.2d 573, (1970), there was sufficient evidence to support the trial court's conclusion that appellant had "constructive notice," i.e., knowledge of sufficient facts to require an inquiry of the Powluses of any claim which they had to the property. Langroise v. Becker, 96 Idaho 218, 526 P.2d 178 (1974); Paurley v. Harris, 75 Idaho 112, 268 P.2d 351 (1954).

Having failed to make such an inquiry, appellant cannot claim the benefit of I.C. § 55–812, and therefore the common law rule that the deed first in time is first in right prevails. 6 Powell on Real Property, § 912 (1973). The Powluses' deed, being first in time, prevails. The trial court was correct in refusing to quiet Fajen's title to Lot 4 as against the Powluses. In view of the foregoing, it is unnecessary for us to consider the trial court's rulings on appellant's other assignments of error relating to the priority of the respective claims of the Fajens and the Powluses with regard to that portion of Lot 4 which is involved in this action.

▇▇▇ The final question which we must consider is whether or not the Powluses are entitled to an easement for customer parking on Lot 3. It is clear from the record that as a result of the conveyances from the Smiths and from Wanda Fajen to Roy E. Fajen, that he is the owner of Lot 3, subject only to the possible claim of easement by the Powluses as found by the trial court. The trial court found as a fact that automobiles belonging to the Powluses or their customers were being parked on the northeast corner of Lot 3, when the Powluses first took possession as tenants of the commercial business on Lot 4 in 1965, and that beginning in September of 1969, Roy E. Fajen was aware that they had been doing so. The trial court further found that:

"Contemporary with their negotiations culminating in the contract of sale referred to in Paragraph II hereof, Jack E. Powlus advised the Smiths that the property they were negotiating would have little value to Powlus without parking facilities, and the Smiths advised Powlus that in the event he purchased the property, he and his customers would be entitled to use, as a parking lot, a strip of Lot 3, Block 1, Woods Addition to Twin Falls adjacent to Lot 4, Block 1, Woods Addition to Twin Falls, approximately 15 feet wide and having suffi-

cient depth to park four or five automobiles." (Cl.Tr. p. 50).

The testimony supports this finding that there had been an oral agreement between the Smiths and Powluses allowing the Powluses and their customers to use the northeast portion of Lot 3 for customer parking and that they had done so since 1965. However, from 1965 until the purchase by the Powluses of Lot 4 on January 30, 1969, they were merely tenants of the Smiths, and as such any use by the Powluses and their customers would have been a permissive use, and therefore would not have supported a claim for adverse possession or prescriptive easement. Farmers' Co-operative Irrigation Co., Ltd. v. Alsager, 47 Idaho 555, 277 P. 430 (1929). Less than five years of time had elapsed between the Powluses' contract of purchase on January 30, 1969, and Fajen's bringing this action on March 16, 1973, and therefore no easement by prescription could have arisen during that time. I.C. § 5–203; Deer Creek, Inc. v. Hibbard, 94 Idaho 533, 493 P.2d 392 (1972).

Idaho's statute of frauds with respect to real property provides as follows:

"9–503. *Transfers of real property to be in writing.*—No estate or interest in real property, . . . can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing . . . ."

The alleged easement in question constituted an interest in real property within the meaning of the statute and required a writing subscribed by the grantor in order to be created. McReynolds v. Harrigfeld, 26 Idaho 26, 140 P. 1096 (1914). The Powluses have not based their claim for an easement upon a writing, nor have they shown that such an easement could be created under another exception to the statute of frauds, such as by prescription. Fajen's deed to Lot 3 must prevail over any oral claim of respondents. Therefore the trial

court's conclusion of law "I" to the contrary effect is in error and is set aside. Fajen's interest in Lot 3 is not subject to an easement for parking.

That portion of the judgment of the trial court declaring that the interest of Roy E. Fajen in and to Lot 4 is subject to the contract rights of Jack Powlus and Stella Powlus is affirmed. That portion of the judgment of the trial court declaring that the interest of Roy E. Fajen in Lot 3 is subject to an appurtenant easement in favor of Lot 4 is reversed. Cause is remanded to the trial court to enter a new judgment consistent with this opinion. No costs allowed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.