**In the Matter of Charles LEWIS, Shirlene Lewis dba Pocatello Gas Service, Debtors.**

**L. D. FITZGERALD, Trustee, Plaintiff,**

v.

**Kenneth THORNLEY and Stella Thornley, husband and wife, and Ricky T. White, Defendants.**

**Bankruptcy No. 81–0631.**

United States Bankruptcy Court, D. Idaho.

April 19, 1982.

Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Sharp, Anderson, Bush & Nelson, Idaho Falls, Idaho, for defendants Thornley.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

Pursuant to the verbal stipulation of counsel, the above-entitled matter has been submitted to the court upon the pleadings of the parties. The undisputed pleadings establish the following facts.

Shirlene Lewis, debtor herein, on February 21, 1975, for herself and as the personal representative of the estate of Emaline Barrington, entered into a contract to sell real property situated in Bingham County, Idaho, to defendants Kenneth A. Thornley and Stella B. Thornley for a purchase price of $14,200. The contract is a typical real estate sales contract used generally in Idaho whereby a deed is placed in escrow pending payment of the purchase price of the property. The property in question is a dwelling house which has been and is still occupied by defendants Thornley as their residence.

On the third day of March, 1980, Shirlene Kay Lewis assigned the seller's interest in the above described real estate contract to one Ricky T. White. Although Mr. White was served by plaintiff, he has not responded and he is in default.

Shirlene Lewis became a debtor under the Bankruptcy Code when she filed a voluntary petition for relief on June 16, 1981. Plaintiff, as trustee, seeks to avoid the transfer of debtor's interest in real property involved in the contract to defendants Thornley on the ground that said transfer was not perfected under the law of the State of Idaho by recordation and that, due to his hypothetical status as a bona fide purchaser under Section 544(a)(3) of the Code, said transfer is void as against him. In his second cause of action, trustee alleges that the assignment of the seller's interest in the real estate contract is invalid because it contains a defective description of the property and was not acknowledged as is required by Idaho law. In his third cause of action, he also contends that the assignment is a fraudulent transfer made to delay or hinder the creditors of the estate or is a preferential transfer.

Counsel for trustee argues that because Section 544(a)(3) states that the trustee is a bona fide purchaser of real property without regard to any knowledge of the trustee or any creditor, the transfer of the contract interest in the property had to be recorded under Section 55–812, Idaho Code, which provides as follows:

"Unrecorded conveyance void against subsequent purchasers.—Every conveyance of real property other than a lease for a term not exceeding one (1) year, is

void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

■ While this argument is ingenious and seems valid on its face, I am of the opinion that section 544(a)(3), which provides that a trustee shall have the rights and powers of "a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case", requires the application of local nonbankruptcy law to the bona fide purchaser situation.

■ It has long been established in Idaho that a purchaser under an unrecorded real estate contract of the type involved in this case who is in physical possession of the property purchased will prevail over a subsequent purchaser of the property from the original seller. *Fajen v. Powlus*, 96 Idaho 625, 627–8, 533 P.2d 746 (1975); *Langroise v. Becker*, 96 Idaho 218, 220–1, 526 P.2d 178 (1974); *Paurley v. Harris*, 75 Idaho 112, 117, 268 P.2d 351 (1954); *Froman v. Madden*, 13 Idaho 138, 88 P. 894 (1907). In effect, the Idaho Supreme Court has held that possession by the purchaser is equivalent to recording the earlier conveyance under Section 55–812 of the Idaho Code, since in each case prospective purchasers are put on inquiry and have constructive notice of the prior interest. Or, to put it another way, where a purchaser of real estate is in possession of the property, there can be no "bona fide" purchaser from the vendor. In this context then, the language "without regard to any knowledge of the trustee or of any creditor" in Section 544 must be read as referring to *actual* notice which would defeat an otherwise "bona fide" purchase.

I therefore find for the defendants Thornley upon plaintiff's complaint. Counsel for these defendants is asked to prepare a formal judgment in favor of his clients.