IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43482

TILLER WHITE, LLC,                    )
                                      )
        Plaintiff-Respondent,         )        Boise, June 2016 Term
                                      )
                                      )
v.                                    )        2016 Opinion No. 69
                                      )
                                      )
CANYON OUTDOOR MEDIA, LLC,            )        Filed: June 28, 2016
                                      )
                                      )
        Defendant-Appellant.          )        Stephen W. Kenyon, Clerk
                                      )

Appeal from the District Court of the Third Judicial District, State of Idaho,
Canyon County. Hon. Christopher S. Nye, District Judge.

District court order granting summary judgment, affirmed.

Davison, Copple, Copple & Copple, LLP, Boise, for appellant. Ed Guerricabeitia
argued.

Edwin G. Schiller, Nampa, argued for respondent.

_____

BURDICK, Justice

Canyon Outdoor Media, LLC (Canyon Outdoor) appeals from the Canyon County
District Court's grant of summary judgment in favor of Tiller White, LLC (Tiller).[1] The district
court ruled that because Canyon Outdoor's easement was unrecorded and because Tiller did not
have actual or constructive notice of the easement, the easement was unenforceable. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2003, Glen and Rachel Knapp (Knapps) entered into a written lease
agreement with Lockridge Outdoor Advertising Agency to place a billboard sign on their
property in exchange for annual rental payments. The lease was for a period of ten years,
beginning May 1, 2003, with a five-year renewal provision after the original term expired.
Lockridge assigned the lease to Canyon Outdoor shortly after it was executed.

The lease agreement contained a provision that allowed Knapps to sell an easement to
Canyon Outdoor for a lump sum. In May 2003, Canyon Outdoor paid a $12,000 lump sum, and

_____

[1] The property was originally sold to Daniel L. Tiller, P.A., and then transferred to Tiller White, LLC. For
convenience, "Tiller" will also refer to Dr. Daniel L. Tiller, member of Tiller White, LLC, and Daniel L. Tiller, P.A.

1

the parties signed an easement agreement. Canyon Outdoor completed construction of the sign in May 2003. Neither the lease nor the easement agreement contained a legal description of the property. Neither document was recorded.

In 2006, Knapps sold their property to Tiller and issued to Tiller a warranty deed with no restrictions. Tiller had discussions with Knapps about the lease agreement and reviewed the lease document prior to purchasing the property. Tiller also had a title policy issued that, due to the non-recording, did not disclose the easement.

Tiller asserted that he was unaware of the easement until May 2013 when Canyon Outdoor faxed him a copy of the easement. Thus, Tiller argued that he was a bona fide purchaser under Idaho Code sections 55-606 and 55-812. Canyon Outdoor argued that Tiller, at minimum, had constructive notice of the easement and therefore did not qualify as a bona fide purchaser.

The parties stipulated to have the district court decide the case on cross-motions for summary judgment. Finding that Tiller did not have actual or constructive notice of the easement and that Tiller conducted a reasonable investigation of the property, the district court ruled in favor of Tiller and found that the easement agreement executed by Knapps and Canyon Outdoor was unenforceable against Tiller. Canyon Outdoor timely appeals.

## II.    STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, and apply the same standard used by the district court in ruling on the motion. *Grazer v. Jones*, 154 Idaho 58, 64, 294 P.3d 184, 190 (2013). "The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review." *Shawver v. Huckleberry Estates, L.L.C.*, 140 Idaho 354, 360, 93 P.3d 685, 691 (2004). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "The facts must be liberally construed in favor of the non-moving party." *Capstar Radio Operating Co. v. Lawrence*, 153 Idaho 411, 416, 283 P.3d 728, 733 (2012). When both parties move for summary judgment, "the trial court as the trier of fact is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences." *Huckleberry Estates, L.L.C.*, 140 Idaho at 361, 93 P.3d at 692. "The test for reviewing the inferences drawn by the trial court is

whether the record reasonably supports the inferences." *Beus v. Beus*, 151 Idaho 235, 238, 254 P.3d 1231, 1234 (2011).

### III.     ANALYSIS

The district court ruled that because Canyon Outdoor's easement was unrecorded and because Tiller did not have actual or constructive notice of the easement when he purchased the land, the easement is unenforceable. On appeal, Canyon Outdoor contends that the district court erred because Tiller did in fact have notice of the easement when he purchased the land and therefore the easement is valid.

**A.  The district court was correct in finding that the easement was unenforceable.**

Idaho Code sections 55-606 and 55-812 provide that an unrecorded interest in land is void against subsequent purchasers who acquire title in good faith and for valuable consideration. "[T]he words "good faith" in [these] statute[s] mean actual or constructive knowledge of the prior interest or defect in title." *Benz v. D.L. Evans Bank*, 152 Idaho 215, 226, 268 P.3d 1167, 1178 (2012). "[O]ne who purchases or encumbrances with notice of inconsistent claims does not take in good faith, and one who fails to investigate the open and obvious inconsistent claim cannot take in good faith." *W. Wood Investments, Inc. v. Acord*, 141 Idaho 75, 86, 106 P.3d 401, 412 (2005); *see also* I.C. § 55-815 ("An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."). Good faith requires "a reasonable investigation of the property." *Langroise v. Becker*, 96 Idaho 218, 221, 526 P.2d 178, 181 (1974).

Here, the district court found that Tiller did not know about the unrecorded easement until 2013 and that Tiller conducted a reasonable investigation of the property prior to purchase in 2006. Canyon Outdoor argues that this was an unreasonable inference based on the evidence in the record. Specifically, Canyon Outdoor contends that evidence that Knapps told Tiller they had received a lump sum payment for the sign and that there was a possibility of having advertising space on the sign put Tiller on notice that Canyon Outdoor had an easement. Canyon Outdoor also argues that Tiller did not conduct a reasonable investigation of the property.

Canyon Outdoor points to Glen R. Knapp's affidavit and Daniel L. Tiller's deposition testimony as evidence that Tiller knew about the lump sum Knapps received in exchange for the easement. In Knapp's affidavit he states:

> I told [Tiller] I had received a lump sum payment of $12,000 and that the agreement provided free advertising if one face was vacant and asked if that was a deal breaker . . . . My wife and I kept a folder of documents concerning the billboard sign.
>
> To the best of my knowledge, I would have received a copy of all the documents that my wife and I signed that were related to the billboard sign.
>
> To the best of my knowledge, I would have given the file pertaining to the billboard sign to Dr. Tiller or the closing agent prior to or at the time of closing as we would have had no further need for the file.

Regarding the same incident Tiller's deposition testimony revealed the following:

> Q: Now were there any discussions with either Mr. Knapp or Mrs. Knapp with regards to the sign itself at the time you entered into this agreement on February 27, 2006?
> A: Only to say that he was concerned that originally it would have been a deal breaker. This ten year lease. And that there is only seven years to go. And at that point we could start collecting rent that would help pay the taxes.
> . . . .
> Q: And Mr. Knapp's conversation about collecting rent, what information did he provide you with regards to the rent on the lease?
> A: Well, we know how much it was. A lump sum. So for those ten years we didn't receive anything.
> . . . .
> Q: And I presume that it was Mr. Knapp that told you he received a lump sum on the lease?
> A: All he said was at the end of seven more years we could start receiving rent if we wanted to continue.
> Q: What did Mr. Knapp tell you after the ten year lease was expired?
> A: That if we elected to continue with this lease we could receive rent to help pay for the taxes.
> Q: What other conversations did you have with the Knapps in this time frame in 2006 when you were acquiring the property?
> A: That was all.
> Q: What documentation did the Knapps provide to you as it relates to the billboard at this time in 2006?
> A: I think this [the Sign Lease] is all we had.
> Q: Did they provide you a folder with other information that was pertinent to the billboard?
> A: No.
> Q: What information did you request from them specifically related to the billboard that was situated on the property?

4

> A: Well, we had this. Exhibit 1 [the Sign Lease]. And then at closing that is all the paperwork we had.

Neither Tiller's nor Knapp's account of their conversation regarding the lump sum payment and the billboard makes any mention of an easement. While there is mention of a lump sum in both recollections there is nothing in Knapp's affidavit to contradict Tiller's assertion that Knapp indicated the lump sum was for payment of the lease through the ten-year term and that Tiller could expect to receive rent after the end of the ten-year term. Knapp alludes to the free advertising agreement that is part of the addendum to the easement, but Knapp does not say anything about an easement or otherwise indicate that the advertising agreement and the lump sum where part of a separate and distinct agreement not contained within the lease. Although Knapp asserts that "to the best of his knowledge" he would have had a "copy of all the documents that my wife and I signed that were related to the billboard sign" (which would presumably contain a copy of the easement) and that, again to "the best of his knowledge," those documents would have been given to Tiller, there is no physical evidence that such a folder existed and there is no testimonial evidence from either Knapp or Tiller that Tiller ever saw, received, or heard about the easement before it was faxed to him by Canyon Outdoor in 2013. Based on this evidence, it was reasonable for the district court to conclude that Tiller did not have knowledge of the easement until 2013.

Canyon Outdoor attempts to make much of the fact that the only place in the lease that mentions a lump sum is the provision in the lease that allowed Knapps to sell an easement to Canyon Outdoor. That provision reads as follows: "Lessor reserves the right to, at any time throughout the term of the lease, to sell Lessee a permanent easement with ingress and egress right to service structure for a one time lump sum of $10,000 thus voiding the yearly contractual payment aforementioned." Canyon Outdoor argues that this provision combined with Tiller's knowledge that Knapps received a lump sum payment was enough to put Tiller on notice that there was an easement attached to the property and trigger Tiller's duty to further investigate.

Canyon Outdoor further contends that Tiller did not conduct a reasonable investigation of the property because he did not "attempt to contact Canyon Outdoor to confirm whether or not it may or possibly had an easement interest in the subject property." In support of this argument Canyon Outdoor relies on *Wood v. Simonson*, 108 Idaho 699, 701 P.2d 319 (Ct. App. 1985). In that case, the Idaho Court of Appeals stated in dicta that:

5

> [I]f facts appear which would cast suspicion upon the vendor in the eyes of the reasonably prudent person, the purchaser "does not discharge his duty [to investigate] by making inquiry of his vendor alone, and hence the fact that the purchaser is misled by the vendor's false statements is usually not sufficient to protect him."

108 Idaho at 703–04, 701 P.2d at 323–24 (quoting 92 C.J.S. Vendor & Purchaser § 326 (1955)) (second alteration in original).

Here, when interpreting the facts in a light most favorable to Canyon Outdoor, the provision in the lease that references a lump sum payment in exchange for an easement of ingress and egress would be sufficient to "cast suspicion" on Knapp's statement that the lump sum payment was only for prepayment of the lease. However, unlike in *Simonson*, Tiller did more than simply rely on the word of his vendors. In addition to the conversation he had with Knapp about the sign, Tiller had the signed lease, he had a warranty deed free of restrictions, and he had a title policy issued by a title company that indicated that the property was free of encumbrances. Despite Canyon Outdoor's contention otherwise, the fact that Tiller did not contact Canyon Outdoor directly is not dispositive. The test is whether Tiller conducted a reasonable investigation of the property. *Langroise*, 96 Idaho at 221, 526 P.2d at 181. A reasonable investigation of the property does not rely solely on the performance or failure to perform any one specific act. Rather, a reasonable investigation is one that a reasonable prudent person would conduct under similar or like circumstances. *Simonson*, 108 Idaho at 703–04, 701 P.2d at 323–24. Having received a representation that the lump sum payment was prepayment on the lease and having obtained a title policy and a warranty deed showing no easements attached to the property, it would be reasonable for Tiller to conclude that the property was free of encumbrances after the term of the lease had run. Thus, under the facts of this case, it was reasonable for the district court to conclude that Tiller had conducted a reasonable investigation of the property.[2]

In sum, the only evidence that there might have been an easement was Knapp's mention of a lump sum payment and Knapp's passing mention of the advertising agreement. Based on (1) Tiller's uncontested testimony that Knapp told him the lump sum was prepayment on the lease,

---

[2] During oral argument Canyon Outdoor repeatedly insisted that a reasonable investigation of the property would include Tiller contacting Canyon Outdoor and that all Tiller had to do was make "one phone call" to Canyon Outdoor and all this could have been avoided. We note that the same can be said of Canyon Outdoor's failure to record its easement. Arguably, it would be reasonable and just as easy for Canyon Outdoor to have recorded its easement. Yet, although recording the easement would have cleared up the matter, the law does not require Canyon Outdoor to do so.

(2) the presence of an unrestricted warranty deed, and (3) the fact that the title policy did not disclose the easement, we hold that "the record reasonably supports the inferences" drawn by the district court that Tiller did not have notice of the easement until 2013 and that Tiller conducted a reasonable investigation of the property. *Shawver v. Huckleberry Estates, L.L.C.*, 140 Idaho 354, 361, 93 P.3d 685, 692 ("[T]he trial court as the trier of fact is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences."). Therefore, we find no error.

Because we hold that the district court did not err in concluding that Tiller took the property free of the unrecorded Canyon Outdoor easement we do not address whether the easement was unenforceable due to a lack of a proper description of the property.

**B. Whether Canyon Outdoor is entitled to attorney fees on appeal.**

Canyon Outdoor asserts that it is entitled to attorney fees on appeal under Idaho Code section 12-121. "Under I.C. § 12–121, attorney fees are awarded to the prevailing party if the court is left with the belief that the proceeding was brought, pursued or defended frivolously, unreasonably, or without foundation." *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 406, 210 P.3d 86, 91 (2009). Canyon Outdoor is not prevailing party. Tiller does not request fees. Therefore, each side will bear its own fees on appeal.

## IV. CONCLUSION

Because the evidence in the record reasonably supports the district court's ruling, the district court is affirmed. Costs to Tiller.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**